J. W. MOORE & SON, DEFENDANTS IN ERROR, v. W. J. HENRY ET AL., PLAINTIFFS IN ERROR.

Kansas City Court of Appeals, May 25, 1885.

1. AFFREIGHTMENT—BILL OF LADING TO CONTROL OVER MARKS ON BOXES—DESTINATION.—In case of a shipment of goods the route and point of delivery called for by the bill of lading must control though differing from the marks on the boxes of goods shipped, and must be taken to be the contract between the parties and the shipper. Hutchinson on Carriers, secs. 241, 243 ; *Ry. Co. v. O'Leary*, 77 Mo. 634. And if a carrier having no line of its own to the point of destination, deliver the goods to another carrier having a line nearest to said destination (in doing which it performs its duty), it is the duty of the carrier last named to receive the property ; and it has the right to pay the back charges thereon and is

entitled to a lien on the goods for the repayment of the same, as well as for its own freight bills. *Wells v. Thomas*, 27 Mo. 17. In the case of a carrier contracting to deliver beyond its *terminus*, it may be held liable, if the contract was made with a proper representative of the company. *Loomis v. Wabash Ry. Co.*, decided at this term.

Error to Harrison Circuit Court, Hon. John C. Howell, J.

*Reversed and remanded.*

Statement of case by the court.

This action of replevin was tried by the court without a jury and without instructions, upon the following agreed statement of facts : That some time in November, 1880, plaintiffs ordered the bill of goods, mentioned in the petition, to be sent from his wholesale merchant, Quincy, Illinois, by rail to Princeton, Mo. ; that wholesale merchant placed said goods in the boxes and placed on said boxes the directions and figures, the following, to-wit : "J. W. Moore & Son, Eagleville, Mo., via Keokuk to Princeton, Mo." That said merchant sent the goods to the depot of the St. Louis & Keokuk R. R. Co., that the station agent of said company at Quincy executed and delivered a receipt for said goods in word and figure to-wit : St. Louis & K. Railroad, Quincy, Illinois, Nov. 12th, 1880. Received from J. R. Dayton & Co., as consignor, in apparent good order, the articles marked and numbered as in the margin, to be transported over said railroad to station, and there to be delivered in the like good order to ――――――――, or order, on receipting for the same and payment of the freight and charges thereon subject to the rules and regulations established by the company.

| Marks and Numbers. | Articles. |
| --- | --- |
| John W. Moore and Son, | 6 Cases Books and Stationery. |
| | 1 . . . . . . . . . . . . . . . . . . . . Slates. |
| Eaglevile, Mo., | |
| | 1 Box Blacking. |
| Via Keokuk. | 3   "   Ink, 4 Bales of Paper. |

(Signed)   Meade,

Agent for the Company.

Also the following, a copy of that part of the way-bill bearing upon this case:

Keokuk and St. Louis Line,

No. 81.    Keokuk, Feb. 12, '81.

Delivered by the St. Louis, Keokuk & Northwestern Ry. Co., to the C., B. & Q. R. R., the following articles in good order and conditions, unless otherwise noted or addressed on the margin:

| WAY BILL. | | | CAR, | WHERE FROM. | SHIPPERS. |
|---|---|---|---|---|---|
| 1. Date. 2. 13. | No. 122. | Where K. & L. | No. 519. | Quincy. J.R.D.&Co. | J. W. Moore & Son. Eagleville, Mo. |

| ARTICLES. | WEIGHT. | RATE. | FR'T. | CHARGES. | TOTAL |
|---|---|---|---|---|---|
| 6 C. Books & Stationery. | 1,550 | | | | |
| 3 Boxes Ink. | | | | $3.41 | |
| 1 Case Slates. | | | | | |
| 1 Box Blacking. | | | | | |
| 4 Bales Paper. | 350 | | | 66 | $4.07 |

Also a copy of the receipt, not signed by defendant, to said St. Louis & Keokuk R. R.. Company, as follows:

. . . . . . . . . . . . . . . Station, Nov. 13th, 1880.

J. W. MOORE & SON, Eagleville, Mo., to St. Louis, Keokuk & North Western Ry. Co., Dr., for freight and charges from Quincy.

| | DESCRIP'N OF ARTICLES. | WEIGHT. | LOCAL CH'GES. |
|---|---|---|---|
| Date of way-bill, Nov. 13, '80. No. of way-bill, 122. No. of Car, 519, K. L. | 6 Cases of Books & Sta'nry, 3 Boxes Ink, 1 Case Slates, 1 Box Blacking, 4 Bundles of Paper, Back Charges. | 1,550 350 | $3.41 .66 |
| | | Total | $4.07 |

J. R. D. & Co., Consignors.

Received payment for the Company,

. . . . . . . . . . . . . . . . . . . . . . , Agent.

Also the following is a copy of the local freight bill of the defendant:

Chicago, Burlington & Quincy R. R.

No. 743.

From Keokuk to Blythedale, Missouri.
Consignor, K. & St. Louis.
Consignee, J. W. Moore & Son.

DESCRIPTION OF GOODS:

6 cases books and stationery................
3 boxes ink, 1 slates, weight................1,550
4 bundles paper          "          ..................  350
Advanced charges..............................$ 4.07
Local charges.................................  12.01
                                              _____

    Total.....................................$16.08

From Keokuk, Iowa, to Blythedale, Missouri.

It is also agreed that the defendants have a continuous railroad connection from Quincy, Illinois, to Blythedale, Missouri, with depots at both places. That there is a continuous railroad connection from Quincy, Illinois, to Princeton, Mo., via Keokuk, Iowa, other and different from that of the defendants; that plaintiffs nor either of them, at any time, authorized or consented that defendant should carry said goods to Blythedale, Mo.; that plaintiffs had no knowledge that defendants had possession of said goods as common carriers, till notified by it that they were at their depot at Blythedale, Mo., and that they did not in terms forbid defendants to take such possession. That defendants have not and never did have any railroad to Princeton, Mo. That plaintiffs did not forbid defendants to take charge of said goods in any way other than that involved in their direction to have the goods sent to a place at which defendants have railroad connections. The plaintiffs went to Princeton, Mo., for the goods, with teams, about the time they were due there according to their direction, and before being notified that the goods were at Blythedale, Mo. That Blythedale is the nearest railroad station to Eagleville, Mo., being within five miles of Eagleville, and Princeton, Mo.,

is twenty miles from Eagleville. That said goods were brought by defendants to Blythedale, from which place plaintiffs were notified to take them away, upon the payment of freight charges, and where they were levied upon by the sheriff in this case."

The court rendered judgment for plaintiffs, and defendants bring the case to this court.

D. J. HEASTON, for plaintiffs in error.

I. The bill of lading was the contract between the consignors, Dayton & Co., (Moore's Agent), and the Keokuk R. R. Co., and the C., B. & Q. R. R. Co. were mere forwarders for the Keokuk company, and acted in entire good faith and were guilty of no fault; and having paid the back charges, and being entitled to their own freight charges, were entitled to hold the goods until such freight charges were paid.

II. "If any injury occurs, or any loss ensues, by reason of the first carrier to whom the owner's instructions were communicated, not fully or understandingly carrying them through the routes he should have done, as if the goods are in consequence sent to the wrong place, this will not exonerate the owner from responsibility for the charges of transportation by the subsequent carriers, or affect the validity of the lien for such charges as they have themselves earned or advanced to the other companies from the point of original departure." 2 Redf. on Railways, p. 175, sect. 19 and 188 (4th Ed., 1869); also sect. 180, p. 121; *McDonald v. West'n Ry.*, 24 N. Y. 497; *Alden v. Carver*, 13 Iowa 253; *Kohn v. Packard*, 23 Am. Dec. 453; *Holliday v. R. R. Co.*, 74 Mo. 159; Lawson on Cont. Carriers, p. 342, sect. 243, *et seq.*; *Cramer v. Express Co.*, 56 Mo. 524; *Coates v. U. S. Express Co.*, 45 Mo. 238; *Pruitt v. Hannibal &c. R. R.*, 62 Mo. 527; *Tucker v. Pacific R. R. Co.*, 50 Mo. 385 · *Coquard v. Union Depot Co.*, 10 Mo. App. 261.

III. The bill of lading is the sole evidence of the contract in this case. *O'Brien v. Kinney*, 74 Mo. 125; *St. Louis &c. R. R. v. Cleary*, 77 Mo. 634.

Alvord & Woodruff, for defendants in error.

I.   Where goods are shipped to one place in care of "D" and they are delivered at same place in care of "F," without the assent of the owner, in an action of replevin for the goods, *held* that the owner was entitled to the possession of the goods without payment of freight. *Fitch v. Newberry*, 1 Dougl. (Mich.) 1; 2 Redf. on Railways (4th Ed.) section 188, p. 171; also section 180, p. 122, note 16; Parsons on Contracts (5th Ed.) p. 209, note 8; "The Reporter," vol. 7, p. 619; *Wilds v. Machts Drip & Manufacturing Co.*, 47 Iowa (1878).

II.   Assent by defendants in error that the goods might be taken to Blythedale, Mo., instead of Princeton, Mo., *must be proved*. The bill of lading in evidence does not create a presumption of such assent.   Lawson on Contracts of Carriers (1st Ed.) sect. 104.   The defendants in error *never authorized* their delivery at Blythedale, Mo.   The marks on the boxes were notice to all parties of their destination, to-wit: Princeton, Mo.

III.   Possession by plaintiffs in error was not for the purpose of forwarding the boxes to their destination, to-wit: Princeton, Mo.   Hence their possession at Blythedale was wrongful.   *See authorities above cited.*

IV.   The errors complained of cannot be reviewed here, as no declarations of law were had in the court below.

Opinion by Ellison, J.

The agreed statement of facts is to be taken as a special verdict, and everything necessary to sustain the judgment must clearly appear in the statement.   *Hughes v. Moore Adm'r*, 17 Mo. App. 148.

It will be noticed that plaintiffs only directed their wholesale merchant and consignor to ship the goods by way of Keokuk to Princeton.   It does not appear that the railway company knew of such direction unless it be said that the mark on the boxes was a controlling direction as to the shipment.   The bill of lading called for a delivery of the goods to "John W. Moore & Son, Eagle-

ville, Mo., via Keokuk." This must be taken as the contract between the parties and the shipper (who was plaintiff's agent in the shipment) will be bound by its provisions. Hutchinson on Carriers, sects. 241, 243; *Ry. Co. v. Cleary*, 77 Mo. 634; *O'Brien v. Kinney*, 74 Mo. 125. The bill of lading, though differing from the mark on the goods, will control, as to the terms therein expressed, including destination. The Keokuk & St. Louis Ry. Co. having no line of its own from Quincy to Eagleville via Keokuk, it performed its duty by delivering the goods to that carrier having a line and depot nearest to Eagleville. Hutchinson on Carriers, sect. 108. And defendant being such line, it was the duty of defendant to receive the property, and its right to pay the back charges thereon, for the payment of which it would retain a lien on the goods, as well as for its own freight bills. *Wells v. Thomas*, 27 Mo. 17; *Briggs v. B. & L. Ry. Co.*, 6 Allen 246. Defendant's nearest station and depot to Eagleville being Blythedale, a delivery of the goods there was a fulfilment of the contract on its part as a connecting carrier. If this were an action against the Keokuk & St. Louis Company, which issued the bill of lading, for non-delivery of the goods, although beyond its terminus, it would be liable, if the contract was made with a proper representative of the company. *Loomis v. W., St. L. & P. Ry. Co.*, decided at this term. It follows that defendant has a lien for its freight and back charges and this having been neither paid nor tendered, plaintiffs were not entitled to the possession of the goods.

The judgment is reversed and the cause remanded. All concur.