COLE BROTHERS & HART, Appellants, v. WIEDMAIR & WILDBERGER, Respondents.

Kansas City Court of Appeals, October 26, 1885.

CONTRACT—SIGNATURE OBTAINED BY FRAUD—DIFFERENT AGREEMENT. —ACTUAL AGREEMENT MAY BE SHOWN.—As between *the original parties*, if one has procured the signature of the other to a written agreement, *whether by fraud or not*, which does not contain the contract made by the parties, but a different one, he cannot be permitted to avail himself of the contract but must stand by the one which was in fact entered into by both parties. *Wright v. McPike*, 70 Mo. 175 ; *Briggs v. Ewart*, 51 Mo. 245, distinguished.

APPEAL from Buchanan Circuit Court, HON. G. D. BURGESS, Judge.

*Affirmed.*

The facts are sufficiently stated in the opinion of the court.

LANCASTER, THOMAS & LACY, for the appellants.

I. The false statements and fraudulent representations must be in regard to the existence or non-existence of material facts affecting the subject matter of the contract. *Smithers v. Bircher*, 2 Mo. App. 499. *Brownlee v. Hewitt*, 1 Mo. App. 365; *Torry v. Charter Oak Life Insurance Co.*, 3 Mo. App. 595; *Stevens v. Rainwater*, 4 Mo. App. 292. These facts must not be within the knowledge of the party complaining; they must not be such that he can ascertain the truth concerning them by the exercise of his faculties, or of ordinary prudence; nor such that he has the means within his power to easily and readily ascertain the truth, unless he has been prevented from using those means by some fraud or artifice. *Buford v. Caldwell*, 3 Mo. 477; *Armstrong v. Winfrey*, 61 Mo. 354; *Bailey v. Smock*, 61 Mo. 217; *Wannell v. Kern*, 57 Mo. 492; *McFarland v. Carver*, 34 Mo. 195; *Langdon v. Green*, 49 Mo. 363; *Dunn v. White*, 63 Mo. 186; *Griffith v. Eby*, 12 Mo. 517.

II. The false representations must be of matters of *fact* and not of matters of *law*. *People v. San Francisco*, 27 Cal. 655. 2 Parsons on Cont. (6 Ed.) 793 and note *b*. Must not be *opinions* based upon or inferences drawn from the facts. *Smithers v. Bircher*, 2 Mo. App. 499; *Wannell v. Kern*, 57 Mo. 492; *Stevens v. Rainwater*, 4 Mo. App. 292; *Union National Bank v. Hunt*, 76 Mo. 445.

III. The fraud complained of must be something more than a breach of promise, and the defendants must have been deceived by it, and must have relied upon the fraudulent representations. *Terry v. Ins. Co.*, 3 Mo. App. 595; *Parker v. Marquis*, 64 Mo. 38; *Bryan v. Hitch*, 43 Mo. 531. 2 Parsons on Cont. 773.

IV. They must have been damaged thereby, and the damage must have been the direct and immediate

consequence of the false representations, and must be certain and capable of exact estimation. *Brownlee v. Hewitt*, 1 Mo. App. 365; *Griffith v. Eby*, 12 Mo. 517; *Dormitzer v. Greve*, 3 Mo. App. 593.

V. The voluntary signing of a written instrument, after opportunity for examination, and then delivering it, raises the presumption that the signer agreed to its contents, or if he signs without reading it, not being prevented by artifice or fraud. *Ort v. Fowler*, 31 Kansas 478; *Shirts v. Overjohn*, 60 Mo. 305. And it is no defence between the original parties, if the paper proves to be a contract different from what he supposed he was signing. *Ins. Co. v. Hodgkins*, 66 Maine 109; *Koenig v. Life Association, North America*, 4 Central Law Journal 381.

VI. The terms of the written contract can neither be varied, altered, added to, or subtracted from by parol evidence. *Jolliffe v. Collins*, 21 Mo. 338; *Pearson v. Pearson*, 69 Mo. 550; *Chrisman v. Hodges*, 75 Mo. 413.

VII. Plaintiff's refused instructions should have been given, and those given for defendants refused. The motion for new trial and in arrest of judgment should have been sustained.

CROSBY, RUSK & CRAIG, for the respondents.

I. The instructions refused to plaintiffs were properly refused. The instructions asked by defendant were properly given, as declaratory of the law, applicable to a theory of the case which there was evidence to support, namely, that the defendants looking to and relying upon the agents of plaintiffs for information material to the contract, and peculiarly within the knowledge of plaintiffs and their agents, were misinformed by said agents, and thereby induced to sign a paper which they would not have signed but for such fraudulent misrepresentation. *Caldwell v. Henry*, 76 Mo. 260; 87 N. Y. 561,; 83 N. Y. 436; *McAleer v. Horsey*, 35 Md. 439. The admission of parol testimony in regard to such misrepresentations was proper. *Liebke v. Methudy*, 14 Mo. App. 65.

II.    Plaintiffs by their agents deceived defendants, not only by falsely stating that the paper signed was simply an order giving authority to go upon the building for the purpose of putting up the rods, but *chiefly* by mis-stating the cost of the rods, which defendants testify they did not care to have erected, their object, and the chief inducement to the contract, being the trade promised them by plaintiffs, for which they were willing to pay the amount that they were told the rods would cost.    They would not have ordered the rods had they known they were to cost more than sixty dollars, a fact within the peculiar knowledge of plaintiffs.    *Goodwin v. Home Co.*, N. H. 485.

ELLISON, J.—This action was commenced in the Buchanan circuit court to recover on a contract for the erection of lightning rods on respondents' buildings.    The answer admitted the signing of the contract, but charged it was procured by fraud of plaintiffs' agents, in that, among other things, said agents represented it merely " to be an order for the use of plaintiffs' foreman in putting up said rods, to inform him where said houses were and how and in what manner and style to put the rods thereon ; that defendants, who were deceived by said statements and representations in regard to said order, were induced thereby, at the request of plaintiffs, to sign the same without knowing or suspecting that it was anything more than such order."

That plaintiffs' agents further stated "that in consideration of the fact that defendants' said buildings were in a good location to advertise their system of lightning rods, and that they were anxious to put a sample job on them if defendants would permit them to advertise their rods by rodding said building, they would make a great reduction from the regular price, and would guarantee that the job should not cost defendants more than sixty dollars," etc.    There was evidence tending to support the plaintiffs' petition.    A written contract was introduced, without objection from defendants,

though it does not appear to be in some essential particulars the one declared on in the petition. On part of defendants there was likewise evidence tending to support their answer.

At the close of the testimony plaintiffs prayed the court to give the jury the following instructions, to-wit:

"1. The plaintiffs are entitled to a verdict for the amount sued for in this case, unless the jury find from the evidence that defendants' signatures to the contract, read in evidence, was procured through some fraudulent representation, made by the agents of plaintiffs, in regard to the cost of the work and materials to be furnished and erected, and any mere guess of said agents as to the cost when the real cost might have been ascertained by computation from data within reach of the defendants, does not constitute a fraud on the part of such agents."

"2. It is admitted in the answer in this case that the defendants signed the contract read in evidence, and they are bound by the terms thereof, unless it is shown by the evidence that defendants' signatures thereto, were procured by some fraud on the part of plaintiffs or their agents."

"3. Any statement made by plaintiffs' agents to the effect that the cost of rodding defendants' building would not exceed the sum of sixty dollars, constitutes no defence to this case, when the price per foot and per ball and point was given, and the size, height of the building, and the number of points and balls and feet of rod required, were equally within the knowledge of defendants and plaintiffs' agents, or that such knowledge was within reach of defendants by the reasonable exercise of the faculties of their minds and the application of the powers of vision."

"4. It is no defence to this case that plaintiffs' agents made a false statement to defendants in regard to the probable cost of the work to be done, if the defendants knew such statements to be false, or could have ascertained that fact by the reasonable exercise of the faculties of their minds and powers of vision."

"5. In any event the plaintiffs are entitled to a judgment against the defendants for the sum of sixty dollars."

"6. If the jury find for plaintiffs they will allow interest on the sum found for them, at the rate of 6 per cent. per annum from the 15th day of April, 1881."

"7. The court instructs the jury that mere silence on the part of plaintiffs' agents to give to defendants the cost of erecting the work sued for, does not constitute a defence to this action, if the jury shall believe from the evidence that the defendants had it within their power to compute said cost for themselves."

"8. The fact that defendants did not read the printed rules and principles printed on the back of the contract and referred to on the face of said contract, cannot avail the defendants in this case, unless they were prevented from reading the same by some artifice, false representations, or statements of plaintiffs' agents.

"9. Any representation of plaintiffs' agent to the effect that he wanted to put rods and ornaments on the house of defendants for a sample, does not constitute a fraud within the meaning of the instructions."

"10. The court instructs the jury that under the pleadings and evidence in this case the verdict of the jury must be for the plaintiffs."

And, thereupon, the defendants prayed the court to give to the jury the following instructions, to-wit:

"1. Although the jury may believe from the evidence that the defendants signed and delivered to plaintiffs' agents, House and Campbell, the paper writing read in evidence, yet if they further believe from the evidence that said agents, House and Campbell, procured and induced defendants, without fault or negligence on their part, to sign the same by making false and fraudulent representations to defendants, or by purposely deceiving them as to the character or effect of said instrument or paper writing they were signing, and that defendants would not have signed the said paper writing had they known the character and effect of the same,

and that fact was known to plaintiffs, then said paper writing was not binding upon the defendants, and plaintiffs are not entitled to recover thereon."

"2. If the jury believe from the evidence that the defendants, without fault or negligence on their part, were induced to sign the order read in evidence, upon the representation and assurance of plaintiffs or their agents, that the job of work for said order should be a sample job, and should not exceed in cost a certain sum of money, so that plaintiffs might thereby exhibit their rods and fixtures to the public as an advertisement, and that said representation and assurance were false and were made for the purpose of deceiving and fraudulently inducing defendants to sign said order, the jury will find for defendants."

"3. If the jury believe from the evidence that the agents of plaintiffs knowingly made false and untrue statements to defendants, or either of them, and that defendants, believing said false and untrue statements to be true and relying thereon, and being induced thereby, did make the contract in proof, and sign the written order in proof, then the jury must find for defendants."

The court refused the third, fifth and tenth of the instructions asked by plaintiffs, and gave each of those asked by defendants.

The instructions which were given by the court, taken together, cover the case as fully as was necessary to a fair understanding on the part of the jury as to what the issues were in the cause and clearly indicated to them, what would and would not excuse defendants from the legal obligation implied by their having signed the contract in evidence. Plaintiffs were not entitled to those instructions asked by them and refused by the court. All that was proper in number three was covered by other instructions given. Number five was properly refused, if for no other reason, because there was nothing in plaintiffs' petition or cause of action as advanced by him, authorizing a recovery of sixty dollars. Number ten was merely a demurrer to the evidence and was properly re-

fused. Appellants' abstract does not show any objection to testimony on either side, and the instructions embodying the law of the case, we have the verdict of the jury on the facts, which it is not our province to disturb.

Many authorities are cited by appellants which sustain their theory of the case as advanced in their instructions, numbered one, two, four, seven, eight, and nine, but these instructions were given by the court below as requested.

I think the case is controlled by the principle laid down in *Briggs v. Ewart* (51 Mo. 245), and cases following that. While that case and those of similar character, based on it, have been overruled in *Hamilton v. Marks* (63 Mo. 167), as to the principle announced regarding innocent holders of negotiable paper, all that is said in those cases would still be applicable in an action on a contract between the original parties. It is so held in the case of *Wright v. McPike* (70 Mo. 175). Judge Henry in that case, after commenting on *Briggs v. Ewart*, says: "Although that case has been overruled, the doctrine announced in the foregoing extract from the opinion was not disturbed by the court in overruling the decision. As between the original parties, if one has procured the signature of the other to a written agreement, whether by fraud or not, which does not contain the contract made by the parties, but a different one, he cannot be permitted to avail himself of the contract, but must stand by the one which was in fact entered into by both parties." Tested by this doctrine, the instructions given for plaintiffs and defendants were more favorable to plaintiffs than they might properly have been.

The judgment is affirmed. All concur.