WILLIAM D. PALMER, Respondent, v. THE CONTINENTAL
INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, June 13, 1888.

1. CONTRACT—INSURANCE POLICY—PREMIUM NOTE—HOW CONSTRUED
—CASE ADJUDGED.—Ordinarily the premium note, in the case of a
contract of insurance, is deemed a part of the contract between
the insurer and the insured, the contract consisting of the policy
and the note. Where the insured is alone mistaken as to the
character of the instrument he was signing (as in this case), and
no fraud or deception is alleged or shown, this is not sufficient to
relieve him from the obligation imposed by the premium note as a
part of the contract of insurance. It was his duty to read it, and
in the absence of proof of fraud, deceit, or imposition, the law
presumes he has knowledge of its contents.

2. ——— ——— STIPULATION IN NOTE—CASE ADJUDGED.—Where
there is a stipulation in the premium note (as in this case), making
the whole amount unpaid on the policy earned, due, and payable
in case of nonpayment of any instalment when due, except in the
event of settlement by the assured "for time expired as per terms
on short rates," it is a part of the contract of insurance, and such
stipulation is a valid and binding one ; and the collection by the
insurer of all the unpaid instalments after the loss, which
occurred during the default, with knowledge thereof, did not waive
the provision of the policy, exempting the insurer from liability
for a loss occurring during such default.

APPEAL from Vernon Circuit Court, HON. W. J.
STONE, Special Judge.

*Reversed and remanded.*

Statement of case by the court.

This was a suit upon a policy of fire insurance. The
policy was issued on the instalment plan, and contained
the following clause : " 5. This company shall not be
liable for any loss or damage under this policy if default
shall have been made in the payment of any instalment
premium due by the terms of the instalment note. On
payment to the company in New York or to the western

department in Chicago by the assured or assigns of all instalments of premiums due under this policy and the instalment note given thereon, the liability of this company in this policy shall again attach and this policy be in force from and after such payment, unless this policy shall be void and inoperative for some other cause. But this company shall not be liable for any loss happening during the continuance of such default of payment, nor shall any such suspension of liability under this policy on account of such default have the effect of extending such liability beyond the period of its termination as originally expressed in writing herein. It is further provided that no attempt by law or otherwise to collect any note given for the cash premium or any instalment premium due upon any instalment note shall be deemed a waiver of any of the conditions of this policy, or shall be deemed in any manner to revive this policy ; but upon payment to the company in New York or to the western department in Chicago by the assured or his assigns of the full amount due upon such notes and costs, if any there be, this policy shall thereafter be in full force unless the same be inoperative or void for some other cause than the nonpayment of such note."

At the time of receiving the policy, the plaintiff paid eight dollars and executed the following instalment note :

"$32.00. The company is authorized to insert in this note the number and date of policy.

"For value received, in policy No. B. F. 505,215, dated the —— day of ————, 18—, issued by the Continental Insurance Company of New York, — promise to pay to said company or order (by mail, if requested) thirty-two dollars, in instalments, as follows: Eight dollars and —— cents upon the first day of December, 1884, and eight dollars and —— cents upon the first day of December, 1885, and eight dollars and —— cents upon the first day of December, 1886, and eight dollars and —— cents upon the first day of December, 1887, without

interest, and it is hereby agreed that, in case of non-payment of any of the instalments herein named at maturity, this company shall not be liable for loss during such default, and the policy for which this note was given shall lapse until payment is made to this company in New York, or to the western department at Chicago, and in the event of nonsettlement for time expired as per terms on short rates, the whole amount of instalments remaining unpaid on said policy may be declared earned, due and payable, and may be collected by law.

"Given in payment for a policy of insurance. If transferred, either before or after maturity, this obligation shall be subject to all defences as if owned by the payee herein named."

The plaintiff testified that he read over and counted up the amounts of the note, but did not read the balance of it, and signed it believing and understanding that he was signing a plain note of hand for the payment of thirty-two dollars.

The loss occurred on December 24, 1885. The instalment due on the first of that month was still due and unpaid at the time of the loss. In July, 1886, the plaintiff paid to the defendant the unpaid balance of the premium.

There was evidence of the note having been sent out from the defendant's office for collection by mistake, but this evidence need not be further noticed for the purposes of this report.

The court gave the following instructions for the plaintiff:

"6. The jury are instructed that, after default in the payment of the instalment due December 1, 1885, the liability of the defendant was suspended, but if, after plaintiff's loss by fire on December 24, 1885, the defendant, by its duly authorized agents, demanded and received of plaintiff the unpaid instalments due on the note executed by the plaintiff for the premium, with full knowledge at the time of plaintiff's loss, then the

policy was revived, and the finding should be for the plaintiff, not exceeding eight hundred dollars."

"7. The court instructs the jury that if they believe, from the evidence, that the plaintiff made a contract of insurance with defendant as contained in the copy of policy offered in evidence, and which was exhibited to him by defendant's agent and delivered to him as the contract, and that when plaintiff signed the instalment note he believed and understood that he was signing a simple note of hand for the payment of the premium, then plaintiff is not bound by the conditions of insurance embraced in said note."

From a judgment against it, the defendant has appealed to this court.

GATES & WALLACE, for the appellant.

I. The giving of the eighth instruction for the plaintiff was error because (referring to witnesses testifying falsely) (1) it omitted the element of wilfulness or knowledge on the part of the witness swearing falsely ; and (2) there was nothing in the case on which to base it. *Smith v. Railroad*, 19 Mo. App. 120 ; *Fath v. Hake*, 16 Mo. App. 537 ; *Shelnutt v. Bruegestradt*, 8 Mo. App. 46 ; *Evans v. Railroad*, 16 Mo. App. 522 ; *Bank v. Murdoch*, 62 Mo. 70 ; *State v. Brown*, 64 Mo. 367. ; *State v. Elkins*, 63 Mo. 159 ; *White v. Maxey*, 64 Mo. 552 ; *Batterson v. Vogil*, 10 Mo. App. 235 ; Wharton on Evid., sec. 412.

II. The policy delivered by the insurer and the premium note delivered by the insured embraced the obligations incurred by each and constituted the contract of insurance. *Shultz v. Ins. Co.*, 42 Iowa, 239 ; 1 Wood on Fire Ins. [2 Ed.] 12 ; *Rogers v. Smith*, 47 N. Y. 327 ; *Shaw v. Ins. Co.*, 67 Barb. 586 ; *Ins. Co. v. Klink*, 65 Mo. 78 ; *Pitt v. Ins. Co.*, 100 Mass. 500 ; *Greenfield's Estate*, 14 Pa. St. 501 ; *Jackson v. Dunbaugh*, 1 Johns. Cas. 95 , *Hamilton v. Elliott*, 5 Serg. & R. 375, 380 ; *Gorton v. Ins. Co.*, 39 Wis. 121.

III. The court erred in instructing the jury that if

the plaintiff believed and understood that he was signing a plain note of hand for the payment of the premium when he signed the instalment note, he was not bound by the conditions of insurance embraced therein. The plaintiff could not be permitted to say that he did not understand the terms of the note unless his signature thereto was procured by misrepresentation or fraud or artifice. Addison on Torts, sec. 315; *Brown v. Railroad*, 18 Mo. App. 568; *Rothchild v. Frensdorf*, 21 Mo. App. 318; *Obrien v. Kinney*, 74 Mo. 125; *Ins. Co. v. Goben*, 50 Ga. 404; *Greenfield's Estate*, 14 Pa. St. 489, 496, 497.

IV. A collection and retention of the remaining instalments by the company, with a full knowledge of all the facts, would not, under the provisions of the policy and note, make it liable for a loss occurring during the default in the payment of the instalment note. The plaintiff's first instruction should have been given. *Williams v. Ins. Co.*, 19 Mich. 451; *Williams v. Ins. Co.*, 19 Mich. 469; *Wall v. Ins. Co.*, 36 N. Y. 157; *Muhleman v. Ins. Co.*, 6 W. Va. 508; *Shakey v. Ins. Co.*, 44 Iowa, 540; *Shultz v. Ins. Co.*, 42 Iowa, 239; *Neely v. Ins. Co.*, 7 Hill [N. Y.] 49; *Ware v. Ins. Co.*, 45 N. J. Law, 177; *Ins. Co. v. Klink*, 65 Mo. 78.

No brief for the respondent.

HALL, J.—Under the view entertained by us of this case it is only necessary to consider the action of the court in giving the two instructions set out in the statement of facts.

I. We shall first consider the instruction given as to the effect of the plaintiff's execution of the premium note. Ordinarily the premium note would have to be deemed a part of the contract between plaintiff and defendant, the contract consisting of the policy and the note. This is clearly established by the authorities cited by defendant's counsel.

If the plaintiff was induced by fraud or imposition

to sign the premium note, it, of course, would form no part of the contract. But not only was there no evidence of either such fraud or imposition, but the instruction itself was based on neither such fraud nor deception. The instruction was based solely on the mistake of the plaintiff as to the character of the instrument he was signing. The question is, was such mistake on the part of the plaintiff sufficient to relieve him from the obligation imposed by the premium note as a part of the contract of insurance? The note showed on its face that it was not merely an obligation to pay so much money; the stipulations referring to the policy of insurance were printed in the body of the note in a way not to escape observation, and were plain and unambiguous; and it being signed by the plaintiff in the transaction of the business to which it related, "it was his duty to read it, and in the absence of proof of fraud, deceit, or imposition, the law presumes he had knowledge of its contents." *Snider v. Exp. Co.*, 63 Mo. 383; *O'Bryan v. Kinney*, 70 Mo. 127; *Brown v. Railroad*, 18 Mo. App. 574; *Moore v. Henry*, 18 Mo. App. 35; *Railroad v. Cleary*, 77 Mo. 637; *Rothschild v. Frensdorf*, 21 Mo. App. 323; *Taylor v. Fox*, 16 Mo. App. 527. And the plaintiff is as much bound by what he signed as if he had read it. *Robinson v. Jarvis*, 25 Mo. App. 425.

In *Biggs v. Ewart*, 51 Mo. 249, it is said: "It may be assumed as an axiom that no one can be made a party to a contract without his own consent. Although his signature may be put to the writing, and may have been written by himself; yet, if he did not know what he was signing, but acted honestly under the belief that he was signing some other paper, and not the one he really signed, he ought not to be bound by such signature." This has been affirmed, as far as it relates to the parties themselves, in *Wright v. McPike*, 70 Mo. 175, and *Cole Bros. v. Wiedmarr*, 19 Mo. App. 14. But this principle has no application to the facts of this case. Here the writing signed was that which the party intended to sign, and here there was no agreement that

the writing should be other than it was.   In other words, the policy and the note were signed by the parties as intended, and there was no agreement outside of them; they, therefore, constituted the contract between the parties.

II.   The stipulation contained in the note making the whole amount unpaid on the policy earned, due and payable in case of nonpayment of any instalment when due, except in the event of settlement by the assured "for time expired as per terms on short rates", was a part of the contract of insurance.   Such stipulation was valid and binding.   *Amer. Ins. Co. v. Klink*, 65 Mo. 78.   Since all the unpaid instalments became due and payable on the default made on December 1, 1885, the collection by the defendant of all the unpaid instalments after the loss, which occurred during the default, with knowledge thereof, did not waive the provision of the policy exempting it from liability for a loss occurring during such default.   The collection was the collection of what was due and payable, and could not constitute a waiver of any of the defendant's rights.   *Williams v. Ins. Co.*, 19 Mich. 451.

The court should not have given the sixth instruction given for plaintiff, but should have given the instruction asked by defendant asserting the contrary principle.

For the reasons given the judgment is reversed and the cause remanded.   All concur.