JAMES T. HAIR COMPANY, Appellant, v. JOHN WALMSLEY, Respondent.

Kansas City Court of Appeals, October 29, 1888

Contract : WHEN ORAL EVIDENCE NOT ADMISSIBLE TO VARY : CASE ADJUDGED. Oral evidence is not admissible to engraft additional stipulations upon a written contract. When a person enters into a written contract which is plain and complete in itself, and is not deceived by fraud or otherwise as to its meaning, terms and conditions, he will not be heard to say that he did not enter into that contract, but a different one.

*Appeal from Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

The case is stated in the opinion.

*J. T. Montgomery*, for the appellant.

(1) Upon this record, the following questions arise: Was it not error to admit oral evidence to engraft additional stipulations upon this contract? We answer in the affirmative. *Pearson v. Carson*, 69 Mo. 550. (2) When a person enters into a written contract which is plain and complete in itself and is not deceived by fraud or otherwise as to its meaning, terms and conditions, will he be heard to say that he did not enter into

that contract but a different one? We say, no. *Frissell v. Mayer*, 13 Mo. App. 331; *Koehring v. Muemminghoff*, 61 Mo. 403; *Machine Co. v. Cushan*, 8 Mo. App. 528. (3) Was not the finding of the court against the law and evidence. We answer in the affirmative. *Frissell v. Mayer*, 13 Mo. App. 331. (4) The instruction asked by plaintiff should have been given.

*G. W. Barnett*, for the respondent.

(1) It was not error to admit the oral evidence to show the real contract between the parties. It is the well-settled rule that if the writing does not embody the real agreement, it may be shown by parol testimony what the agreement was. *Cole Brothers v. Wiedmair*, 19 Mo. App. 7; *Liebke v. Methudy*, 18 Mo. App. 143; *Wright v. McPike*, 70 Mo. 175; *Ins. Co. v. Wilkinson*, 13 Wall. 222; *Ins. Co. v. Hall*, 12 Mich. 202. (2) The statement of the agent that no cards other than respondent's should appear in red in the hotel register, does not contradict the written order providing that respondent's should be in red, but the agreement that no other cards should be put in red constituted the inducement or consideration that led the respondent to sign the order in question. And it is a well-settled rule that when a contemporaneous verbal agreement of one party forms the consideration for the written agreement in question, such collateral verbal agreement may be shown. *Shuyhart v. Moore*, 78 Pa. St. 469; Bishop on Contracts, chap. 3, sec. 75; *Thomas v. Loose*, 5 Cent. 190; *Cullmans v. Lindsay*, 4 Cent. 747; *Walker v. France*, 2 Cent. 781; *Red Wing Man. Co. v. Moe*, 62 Wis. 240; *Hahn v. Doolittle*, 18 Wis. 196; *Welz v. Rhodms*, 87 Ind. 1; Bishop on Contracts, chap. 7. (3) The order sued on was procured by the fraudulent and false representation that no cards other than respondent's should appear in red, and thereby make respondent's card appear conspicuous. It is well settled that contracts fraudulently obtained may be avoided in an action at law. *Isaacs v. Skrainka*, 13 Mo. App. 503; *Liebke v.*

*Methudy*, 14 Mo. App. 65; *Christ v. Diffenboch*, 1 · Serg. and Rawle, 464; *Oliver v. Oliver*, 4 Rawle, 141; *Ins. Co. v. Wilkins*, 13 Wall. 222. (4) When the memoranda do not purport to be a complete expression of the entire contract, the matter omitted may be supplied by parol. *Brown v. Bowen*, 90 Mo. 184; *O'Neil v. Crane*, 67 Mo. 250; *Ellis v. Bray*, 79 Mo. 227; *Moss v. Greeen*, 41 Mo. 389; *Red Wing Man. Co. v. Moe*, 62 Wis. 240; *Hahn v. Doolittle*, 18 Wis. 196.

ELLISON, P. J.—Plaintiff sued defendant on the following contract:

"$48.			Sedalia, Mo., Oct. 9, 1884.

"James T. Hair Company is hereby requested to publish our card, to occupy eight squares, once on each blotter leaf throughout one year's supply advertising hotel register books for five or more hotels in Sedalia, for which we promise to pay to the order of the company the sum of forty-eight dollars, one-fourth on delivery of the books to the hotels, one-fourth three months, one-fourth six months, one-fourth nine months. All stipulations are detailed with ink in this contract.

"Card—To be in red ink. Name—John Walmsley & Co.

"Business—Furnishing goods, Carpets, etc., Tailoring, etc.

"Street—223 Ohio street.

"Contract taken by Dailey, representing James T. Hair Company, Chicago."

The trial below resulting in a verdict for defendant, plaintiff appeals.

Execution of the contract was admitted. Plaintiff introduced evidence tending to show a compliance on its part with the terms of the agreement and rested.

Defendant, notwithstanding he read the contract and knew its contents before signing, was then permitted to testify, "that one Dailey, the agent of plaintiff at whose solicitation he signed said order, and, before the signing thereof, assured witness that his

should be the only card printed in red letters in the hotel advertising books, and on said assurance was induced to sign the contract, because witness' card being the only one in red letters would bring it more prominently before the public, and that he would not have signed the order but for this representation, and this representation was the only consideration which induced witness to sign it ; that he afterwards found that other red cards were published in said hotel registers and he refused to pay for his card." "To all of which plaintiff objected, because it was an attempt by oral testimony to engraft additional stipulations upon a written contract which is complete in itself, and because it was an attempt to prove the preparatory talk which occurred before the signing of the contract, all of which by law is merged in the written contract and cannot be proven by oral evidence, and because the same was incompetent and irrelevant." The court overruled the objection.

This testimony should not have been admitted. It was clearly an attempt to engraft an additional stipulation on a contract which is complete within itself. *Pearson v. Carson*, 69 Mo. 550 ; *Tracy v. Union Iron Works*, 29 Mo. App. 550.

The cases of *Cole Bros. v. Weidmair*, 19 Mo. App. 7, and *Wright v. McPike*, 70 Mo. 175, are altogether unlike the case at bar. In this case defendant knew what he was signing, and was not deceived as to the provisions, either by his own carelessness, or the acts of plaintiff, fraudulent or otherwise.

Other points made by defendant in support of the judgment are not deemed applicable and the judgment is reversed and the cause remanded. All concur.