C. J. TRACY & COMPANY, Respondent, v. JAMES C. McKINNEY, Appellant.

### Kansas City Court of Appeals, February 5, 1900.

1. **Jurisdiction:** CHANGE OF VENUE: SUCCESSION OF JUDGE: APPEARANCE. A change of venue was taken from a regular qualified judge. C. was selected to try the cause and presided at a mistrial. Before the next trial the legal successor of the regular judge succeeded to his office before whom the parties without objection appeared and went to trial resulting in a verdict and judgment. *Held*, the parties are precluded from raising the question of jurisdiction.

2. **Evidence:** BROKER: HOLDING PROCEEDS OF SALE: FRAUD: PLEADING. In an action against a commission merchant for retaining a portion of the proceeds of sales it is not necessary to allege or show a fraudulent intent, it is sufficient to show the act itself though it is well enough to allege and show fraud, if it exists, but it is error to admit evidence of other independent transactions to establish the fact of the retention or to show it was fraudulent.

Tracy v. McKinney.

3. ———: FRAUD: OTHER TRANSACTIONS: INTENT. Where intent is an element in the cause of action evidence of collateral transactions is only received to characterize the act charged, but such evidence can never prove the act charged which must be shown *aliunde*.

Appeal from the Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED AND REMANDED.

*Ben. T. Hardin* for appellants.

(1) This case must be reversed for the reason that Judge Gates had no jurisdiction to try it. Special Judge Carkener retained exclusive jurisdiction over the case, after he was elected. Bank v. Graham, 147 Mo. 250; 1 R. S. 1889, p. 828; Crossland v. Admire, 149 Mo. 655. (2) This is an action for conversion, and not a question of accident, intent or guilty knowledge. It was unnecessary to prove anything concerning the intent with which defendant did the act, and, therefore, wrong to plead it. R. S. 1889, sec. 2055. (3) And it was error for the court to admit in evidence the deposition of Robert Harper and the testimony of Metcalf and Brady, showing that Harper had trouble with the defendant, in other transactions at other times, and wholly disconnected with the case on trial. The intent or good faith of defendant is not an issue in this case; and that evidence was of collateral facts, and not relevant to the real issue in this case; the only question in this case is as to whether defendant sold the potatoes for more than he accounted for, and converted the surplus to his own use. No question of *quo animo* is involved. Mathias v. O'Neill, 94 Mo. 520; Holdberg v. Kahn, 76 Mo. App. 501; 1 Greenleaf Ev., sec. 53; 1 Wharton, Ev., sec. 29; 1 Phillips, Ev., star 748; Shippen v. Bowen, 122 U. S. 575; Johnson v. Gulick, 46 Neb. 817; Foley v. Holtry, 43 Neb. 133; Phillips v. Jones, 12 Neb. 213; Carter v. Glass,

44 Mich. 154; Mackay v. Russell, 3 Wash. 378; Price B. P. Co. v. Rinear, 17 Wash. 95; Somes v. Skinner, 16 Mass. 360; Haskins v. Warren, 115 Mass. 514, 538; Comins v. Coe, 117 Mass. 45; Horton v. Weiner, 124 Mass. 92; Comm. v. Jackson, 132 Mass. 16; Comm. v. Damon, 136 Mass. 441, 448; Edwards v. Warner, 35 Conn. 517; Booth v. Powers, 56 N. Y. 22; Murfrey v. Brace, 23 Barb. 564; Strong v. Place, 33 How. 122. (4) Evidence of transactions other than those under investigation is admissible only for the purpose of proving the motive, intent or scienter. And such other transactions must be so connected in point of time, and be so similar in their other relations to the one under consideration, that the same motive may be reasonably imputed to them all. Davis v. Vories, 141 Mo. 234; State v. Myers, 82 Mo. 558; State v. Bayne, 88 Mo. 604; State v. Beaucleigh, 92 Mo. 490; Minx v. Mitchell, 42 Kan. 688; Map Co. v. Jones, 27 Kan. 177; Cary v. Hotailing, 1 Hill 311; Hall v. Naylor, 18 N. Y. 588; Murfrey v. Brace, 23 Barb. 564; Strong v. Place, 33 How. (N. Y.) 122; Ross v. State, 62 Ala. 224; Street v. State, 7 Tex. App. 5; McKenney v. Dingley, 4 Greenl. 172; McCasker v. Enright, 64 Vt. 488; Eastman v. Premo, 49 Vt. 355; Perkins v. Prout, 47 N. H. 387; Jordan v. Osgood, 109 Mass. 457; Bixley v. Carskadden, 70 Iowa, 726; Butler v. Watkins, 13 Wall. 456; Lincoln v. Claflin, 7 Wall. 132; Castle v. Bullard, 23 How. 186; Ins. Co. v. Armstrong, 117 U. S. 591; Ins. Co. v. Ins. Co., 51 Fed. Rep. 884.

*R. F. Porter* and *S. W. Moore* for respondents.

(1) There was a regular judge of a court of general jurisdiction, having jurisdiction of the subject-matter, and it is well settled that in such case if the parties go to trial without objection the question of jurisdiction is waived. Moore v. Railway, 51 Mo. App. 504; Fields v. Maloney, 78 Mo. 179; dissenting opinion adopted in 94 Mo. 317; Stearns v.

Railway, 94 Mo. 317; Speer v. Burlingame, 61 Mo. App. 75; Cupples v. Hood, 1 Mo. 497; Bettis v. Logan, 2 Mo. 2; Ivy v. Yancey, 129 Mo. 501; State v. Gamble, 119 Mo. 427; Berkson v. Railway, 144 Mo. 211; Bensieck v. Cook, 110 Mo. 173; State v. Taylor, 132 Mo. 285; State v. Searcy, 46 Mo. App. 421. Counsel will not be permitted to invite error, and lead the court into it and then assign such error for reversal. Carlin v. Haynes, 74 Mo. App. 34; Guntley v. Staed, 77 Mo. App. 155; Tile Co. v. McGovern, 78 Mo. App. 513; Christian v. Ins. Co., 143 Mo. 460; Berkson v. Railway, 144 Mo. 211; Bensieck v. Cook, 110 Mo. 173; Johnson Brinkman Com. Co. v. Bank, 116 Mo. 558; Bank v. Armstrong, 92 Mo. 265; Loomis v. Railway, 17 Mo. App. 340; Hilz v. Railway, 101 Mo. 36. (2) Where a charge of fraud is involved which is largely a question of motive, the question of intent is relevant to the issue, and similar fraudulent transactions perpetrated at or near the same time are admissible to show the motive or intent. When fraud is involved in the issue other similar fraudulent transactions perpetrated upon other persons at or near the same time may be shown as tending to prove that the party was engaged in a general scheme or purpose of fraud and that the one in question is simply one of a class or system, and to show the general fraudulent purpose or scheme. Bigelow on Fraud, p. 146; Best on Evidence [Edition by Chamberlayne], pp. 487, 488; note c; 7 Ency. of Law, pp. 60-62; Castle v. Bullard, 23 Howard 172; Butler v. Watkins, 13 Wallace 456; Lincoln v. Claflin, 7 Wallace 132; Wood v. U. S., 16 Peters 342; Mudsill v. Watrous, 61 Fed. Rep. 163; Ins. Co. v. Armstrong, 117 U. S. 591; Ins. Co. v. Ins. Co., 51 Fed. Rep. 884; Blake v. Ins. Co., 4 L. R. C. P. Div., p. 44; Olmstead v. Hotailing, 1 Hill (N. Y.), 317; Hall v. Naylor, 18 N. Y. 588; 22 Minn. 287; Neff v. Landis, 110 Pa. St. 204; Wheeler v. Ahlers, 189 Pa. St. 138; Pa. Co. for Ins. v. Railroad, 153 Pa. St. 160; Thomos v. Miller, 151 Pa. St. 482; 12 Cal. 457, 465; 52 N.

H. 569; Haskins v. Warren, 115 Mass. 514; Horton v. Wiemer, 124 Mass. 92; Fowler v. Child, 164 Mass. 210; 35 Md. 439, 461; Shoe Co. v. Adams, 105 Ia. 402; Eastman v. Premo, 49 Vt. 355; McCasker v. Mallon, 64 Vt. —; 30 Cal. 596; Bank v. Hatcher, 94 Va. 229; Meyberg v. Jacobs, 40 Mo. App. 129; Loan and Casualty Co. v. Baker, 54 Mo. App. 79; Manheimer v. Harrington, 20 Mo. App. 301; Davis v. Vories, 141 Mo. 234; State v. Wilson, 143 Mo. 334; State v. Williamson, 106 Mo. 162; State v. Mathews, 98 Mo. 125; State v. Jackson, 112 Mo. 585; State v. Minton, 116 Mo. 605; Massey v. Young, 73 Mo. 260; State v. Meyers, 82 Mo. 555; Seligman v. Rogers, 113 Mo. 654.

ELLISON, J.—This action is based on a claim of plaintiffs against defendant for a part of the proceeds of four carloads of potatoes, which defendant sold for plaintiffs. The judgment in the trial court was for plaintiffs.

I. The first objection defendant makes to the judgment is that the court rendering it had no jurisdiction of the cause. This objection is based on the following facts:

Judge Dobson being a regular qualified judge of the circuit court, the cause was pending and was tried before him. There being a mistrial defendant applied for and obtained a change of venue, the cause alleged being a disqualification on the part of Judge Dobson. Thereupon Stewart Carkener, Esq., a practicing lawyer, was selected, as provided by statute, to try the case. It was tried before him, resulting in a verdict for defendant. This verdict he afterwards, on plaintiff's motion, set aside and granted a new trial. In the meantime, Judge Dobson's term of office expired, and Judge Gates had been elected and qualified as his successor.

If we were to stop at this point it would be clear that under the recent ruling of the supreme court in the case of Bank v. Graham, 147 Mo. 250, Judge Gates had no jurisdiction or authority to try the cause, since Mr. Carkener having

been duly selected according to law remained the sole judge for that case.

But it appears that the parties appeared before the court presided over by Judge Gates, and defendants filed one or more motions in the cause which were passed on by the judge. That afterwards, the cause proceeded regularly to trial before him, resulting in the judgment now under review. That these proceedings and the trial itself were all had without objection or protest from defendants.

We therefore hold that as Judge Gates was a regularly qualified circuit judge presiding regularly over the division of the circuit court in which this case was, and that as such court was one of general powers with jurisdiction over the class of cases to which this belongs, the act of the parties in voluntarily appearing in such court before said judge and in voluntarily going to trial without objection, now precludes them, or either of them, from raising the question of jurisdiction. The following authorities, though not on this exact question, are in point. Moore v. Railway, 51 Mo. App. 504; Stearns v. Railway, 94 Mo. 317; Speer v. Burlingame, 61 Mo. App. 75; Ivy v. Yancey, 129 Mo. 501; State v. Gamble, 119 Mo. 427.

2. The petition charges that defendant, residing in Kansas City, Mo., solicited the sale of plaintiffs' potatoes, the latter residing in the state of Minnesota; that the defendant fraudulently induced plaintiffs to ship the potatoes to him to sell for them on commission with the intent to defraud them of the value thereof; that defendant received the potatoes in good condition when they were of the market value of seventy-five cents per bushel, and could have been and were readily sold at that price; that defendant fraudulently represented to plaintiffs that he had disposed of the potatoes at a price very much less than the sum he had in reality obtained for them, and that he remitted to plaintiffs the sum, less commission and drayage, which he falsely pretended they had sold for and

fraudulently retained the difference. There were four counts in the petition, for four separate shipments of potatoes. Complaint is made that the court admitted evidence of other distinct transactions with other parties of a similar nature to that with plaintiffs.

It will be noticed that plaintiffs charge that defendant's act, whereby he sold the potatoes for more money than he remitted to plaintiffs, was fraudulent and done with intent to keep a part of the money which should result from the transaction. It is clear that the element of fraud or fraudulent intention is not necessary to plaintiffs' case, for defendant would be liable to them for the sum retained, even though it had been retained innocently, by accident, oversight, neglect or mistake. The fraud adds nothing to plaintiffs' right to recover their money from defendant. It being a fact that the act was fraudulent, it may not have been improper to so characterize it in the petition; but it was not necessary to do so. The petition would have been a good pleading without the adjectives if it had been based alone upon the act of defendant. If defendant had answered, denying any fraudulent purpose or intent, but admitting the fact of retaining the money charged to have been retained, is it not clear that plaintiffs could have had judgment on the answer?

That the question of fraud or fraudulent intent was immaterial to plaintiffs' right of recovery is well established. Shippen v. Bowen, 122 U. S. 575; Johnson v. Gulick, 46 Neb. 817. If in proof of the act, the fraud, being part thereof, makes its appearance it is, of course, unobjectionable. But to permit evidence of other independent and disconnected fraudulent transactions in order to establish a fraudulent intent where such intent is immaterial, is error.

Where a fraudulent intent is a necessary element in a case then other similar practices are admissible for the purpose of showing the intent. These questions frequently arise in both civil and criminal cases. The devices to hide a

fraudulent purpose in civil transactions are as numerous as the excuses offered to avoid criminal responsibility, and so where the legal wrong depends upon the intent you may, in either case, show other similar acts for the purpose of characterizing the one on trial. In receiving stolen goods, burglary, passing counterfeit money, fraudulent pretenses, etc., the act is frequently admitted by the accused, but the excuse of innocent purpose is interposed. In such cases, other crimes or attempts of the same nature are admitted on that question. And the same is true of civil cases. Davis v. Vories, 141 Mo. 234; Wood v. U. S. 16 Pet. 342; Bottomley v. U. S., 1 Story, 135; Trogdon v. Commonwealth, 31 Gratt. 862. The text writers state the same rule. 1 Greenleaf on Ev., sec. 53; 1 Wharton's Ev., sec. 29; 1 Phillip's Ev., star 748. The foregoing authorities, as well as a large number to be found in defendant's brief, show that evidence of other fraudulent transactions of a similar nature are only admitted for the purpose of showing guilty knowledge or guilty intent. And, as before stated, where the intent is not a necessary element in the complainant's case such evidence is not proper.

3.    But there is another consideration in this case arising on the question of evidence. Defendant complains that the evidence of other transactions similar to the one charged against him in this case was admitted, not merely for the purpose of proving an intent in the transaction, but the transaction itself. This is likewise clearly improper. For in cases where an intent or guilty knowledge is an element, such evidence of collateral matter is only received to characterize the act which has been otherwise shown. Thus, it is said by Lord Coleridge: "It seems clear upon principle that when the fact of the prisoner having done *the thing charged is proved*, and the only remaining question is, whether at the time he did it he had guilty knowledge of the quality of his act or acted under a mistake, evidence of the class received

VOL. 82 app—33

must be admissible." (Italics ours). Queen v. Francis, 2 L. R. Crown Cas. 128.

And in Jordon v. Osgood, 109 Mass. 457, where the defendant was charged with making false and fraudulent representations to obtain goods of plaintiff, intending not to pay for them, it was held that evidence of other frauds was clearly not admissible to prove the act of making the false statements, though if properly connected, was admissible to prove the intent. Indeed, this idea pervades all the cases and is assumed to be the law, as a matter of course, about which there is no question. The numerous cases cited by plaintiffs support this statement.

Under the English system of jurisprudence you can never prove the act charged, to be a crime or fraud merely by the proof of some other distinct crime or fraud. You must prove the act *aliunde*, and then you may show it was a fraudulent act by proof of other similar frauds, or you may show the act of which you have given evidence is a part of a general scheme or system of fraud; in which case the other acts shown are so connected a series with the particular one charged as to form a part of it, or, at least, to characterize it. No more than this can be made out of the treatment of the question which Bigelow has given in his work on Fraud, vol. 1, page 160-166.

A is charged with stealing a horse. He is not seen to take him, nor is the horse found in his possession. Evidence that he stole other horses in the same vicinity is not admissible to prove the asportation of the horse in question. But, if after showing he did take the horse, it is yet a question whether his intention was felonious, you may on that question show he had stolen other horses under similar circumstances. So with this case (if fraud had been material) the fact that defendant sold potatoes for other parties and reported and accounted for a sale at a less price than he received would not be evidence that he sold potatoes for plaintiffs at a greater price than he reported

and accounted for.    The act charged to be fraudulent must be first shown, and then that it was fraudulently done may be shown by other similar frauds.

The judgment will be reversed and the cause remanded. All concur.