C. H. VAN RAVENSWAAY, Respondent, v. COVENANT MUTUAL LIFE INSURANCE COMPANY, Appellant.

| 89 | 73 |
| 98 | ³187 |

Kansas City Court of Appeals, May 6, 1901.

1. **Evidence:** INSURANCE APPLICATION: VARYING BY PAROL. Where the application for life insurance does not purport to set forth all the provisions which the policy was to contain, it may be shown by parol evidence what provisions said policy was to contain.

2. ———: SIMILAR ACTS: INTENT. Where the issue is whether a certain stipulation was contained in a contract, evidence of similar stipulations in like contracts should not be heard in proof of the fact, as evidence of similar acts can only be received to show the intent and not the act itself.

3. ———: WRITTEN CONTRACTS: SIGNING: FRAUD. Where one procures the signature of another to an agreement, whether by fraud or not, which does not contain the contract made by them but a different one, he can not avail himself of such contract but must

Van Ravenswaay v. Covenant Mutual Life Ins. Co.

stand by the one in fact made; but this rule can not interfere with the doctrine that in the absence of fraud, accident or mistake, a written contract can not be varied by parol evidence though the contest is between the original parties.   Cases considered.

Appeal from Cooper Circuit Court.—*Hon. T. B. Robinson,* Judge.

AFFIRMED.

*Ellerbe & Hereford* for appellant.

(1) A prior or contemporaneous oral agreement, if afterwards reduced to writing, is merged entirely into the written agreement and no evidence of the prior or contemporaneous oral agreement may be admitted to vary the writing.    Tracy v. Iron Works, 104 Mo. 193; Evans v. Mfg. Co., 118 Mo. 548; Koerhring v. Muemminghoff, 61 Mo. 403; Bignall v. Mfg. Co., 59 Mo. App. 673; Bank v. Cushman, 66 Mo. App. 102; Chrisman v. Hodges, 75 Mo. 413; Pugh v. Ayres, 47 Mo. App. 590.    (2) The admission of evidence of representations made by defendant's agent to other parties was clearly erroneous. There was no evidence to show that the contracts involved in such representations were the same as the contract of plaintiff. There was no scintilla of evidence that plaintiff knew of them or acted upon them or that it was intended that he should act upon them.    (3) In order that plaintiff may recover, it is necessary that he should not neglect the means of information at hand.    Lewis v. Land Co., 124 Mo. 672; Dunn v. White, 63 Mo. 181.

*J. F. Rutherford* and *W. M. Williams* for respondent.

(1) The application signed by plaintiff did not under-

take to set out the terms and provisions to be contained in the policy of insurance. There is nothing in any of the writings signed by plaintiff to show what should be contained in the policy thereafter to be issued under said application. Ins. Co. v. Neiberger, 74 Mo. loc. cit. 173; 1 Joyce on Insurance, sec. 58. (2) Aside from every other question in this case, there was evidence tending to show that plaintiff contracted for a policy under which he was to be paid, after the end of ten years, $1,000 per annum during the remainder of his life. The court specially finds and states in its finding of facts, that this was the agreement. There is nothing in the written application contradicted by this testimony. Plaintiff was entitled to the policy for which he contracted and was not bound to accept any other. Stephens v. Ins. Co., 54 N. W. Rep. (Ia. 1893), 139. (3) The policy differs in other material respects from that to which plaintiff was entitled. (4) The defendant company can not enforce the contract obtained from plaintiff by its agent, and at the same time repudiate the acts and representations of the agent by which such contract was secured. La Marche v. Ins. Co. (Cal. 1899), 58 Pac. 1053; Maxson v. Llewellyn (Cal. 1898), 54 Pac. 732; Fitchner v. Ins. Co. (Iowa 1897), 72 N. W. Rep. 530; Keister v. Ins. Co. (Pa. 1889), 18 Atlantic 447. (5) "As between the original parties, if one has procured the signature of the other to a written agreement, whether by fraud or not, which does not contain the contract made by them but a different one, he can not be permitted to avail himself of that contract but must stand by the one which in fact was entered into." Ins. Co. v. Owens, 81 Mo. App. loc. cit. 204; Cole Bros. v. Wiedmair, 19 Mo. App. 7; Wright v. McPike, 70 Mo. 175; Lithographing Co. v. Obert, 54 Mo. App. 240; Upton v. Englehart, 3 Dillon loc. cit. 501. (6) It was competent for plaintiff to prove that defendant's agent made, to other persons in the city of Boon-

ville, false and fraudulent representations similar to those made by him to plaintiff, and about the same time. Gillett on Collateral Ev., sec. 80; Davis v. Vories, 141 Mo. loc. cit. 241; State v. Meyers, 82 Mo. 558; State v. Bayne, 88 Mo. 604; State v. Beaucleigh, 92 Mo. 490; Butler v. Watkins, 13 Wallace 456.

ELLISON, J.—This action is to recover the first and only premium paid on a policy of life insurance for $20,000 issued by defendant to plaintiff and which he claims was not the policy contracted for. The judgment in the trial court was for plaintiff. It appears that the transaction out of which this controversy grew, took place between plaintiff and one of defendant's agents. Plaintiff at first desired a policy for $10,000, and a written application for a policy of such amount was made. This was returned by defendant company as being improperly made out and another for a like policy was made out and signed by plaintiff. He, however, concluded to take a policy for a larger sum and then the application for the policy in controversy was made by him.

Plaintiff's position in the trial court was that defendant, through its agent, agreed to furnish a policy which would provide for a rebate of thirty per cent of the annual premium usually charged. And that it should provide for paying plaintiff $1,000 annually after ten years from date of issuing. That the policy issued did not incorporate these provisions. Defendant's position is that the written application constituted the whole contract in the respect just stated. That it did not contain such provisions and, therefore, plaintiff could not be permitted to make out his case by parol evidence without violating the well known rule of law that parol evidence will not be received to vary, or add to, the writing. There was evidence on the point in dispute tending to support plaintiff and we are

therefore left to consider the question of law.

The application in this case does not purport to set forth all the provisions which the policy was to contain. If the face of the paper had shown in terms, or by necessary inference, that it covered all of the contract which the policy should contain, a different question would be presented. But it did not do so and the case is directly controlled by American Ins. Co. v. Neiberger, 74 Mo. 167. The trial court was, therefore, justified in hearing the evidence.

It appears that the court admitted evidence of what defendant's agent agreed with others at about the time of plaintiff's application, as to the thirty per cent rebate. Evidence of other similar acts may be received to show the *intent* of the party in committing the act in controversy. But they ought not to be heard in proof of the act itself. Tracy v. McKinney, 82 Mo. App. 506; Davis v. Dories, 141 Mo. 234. We do not deem it necessary to say whether the evidence was properly admitted under the view just stated, for the reason that the trial was before the court without a jury and the court found, as a matter of fact, that the agreement was for a policy containing a clause for annual payment of $1,000 after ten years. Such fact alone rendered a finding for plaintiff imperative.

It is well enough to remark that that rule of law stated by plaintiff that; "As between the original parties, if one has procured the signature of the other to a written agreement, whether by fraud or not, which does not contain the contract made by them but a different one, he can not be permitted to avail himself of that contract but must stand by the one which in fact was entered into," is stated in Wright v. McPike, 70 Mo. 175, and by this court in Cole Bros. v. Wiedmair, 19 Mo. App. 7, and Phoenix Ins. Co. v. Owens, 81 Mo. App. 204. But this rule must not be confounded with, or thought to interfere with, the well-recognized doctrine that, in the absence

of fraud, accident or mistake, a written contract can not be varied by parol evidence, though the contest is between the original parties. The rule only applies where the party sought to be held, without negilgence, did not know he was signing the paper, or did not intend to sign it.. As, for instance, if he thought he was signing some other paper. Of such character were the foregoing cases. This distinction was not noticed in James v. Clough, 25 Mo. App. 147. The distinction was, however, pointed out by Judge HALL in Palmer v. Ins. Co., 31 Mo. App. 467, and in Hair Co. v. Walmsley, 32 Mo. App. 115.

The judgment will be affirmed. All concur.