Shickle v. The Chouteau, Harrison & Valle Iron Co.

SHICKLE *et al.* v. THE CHOUTEAU, HARRISON & VALLE IRON COMPANY, *Appellant.*

1. **Contract :** CONSTRUCTION : "MORE OR LESS." The words, " more or less," in a contract will not cover an indefinite quantity, and will allow only a slight departure from the quantity expressed in the contract.

2. ———— : ———— : ————. The words, "more or less," added to a given quantity expressed in a contract, do not create such ambiguity in its terms as to render parol explanation admissible.

3. **Contract, Interpretation of.** In interpreting any written instrument such meaning must be given it, if possible, as will give effect to all its parts.

4. ———— : ACCEPTANCE WITH MODIFICATION. Where a proposal for a contract is made, its acceptance, coupled with a modification, is in law a rejection and it becomes, in its modified form, a new proposal.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Cline, Jamison & Day* for appellant.

*T. A. Post* for respondent.

EWING, C.—Plaintiffs brought suit to recover a balance of $5,582.21, claimed to be due for scrap iron, sold by plaintiffs to defendant, at twenty-two dollars per ton, on or about the twenty-third day of July, 1879. Defendant admitted the purchase and receipt of the iron at the price mentioned, and non-payment of the balance claimed ; but by way of counter-claim and recoupment alleged that "said scrap iron was delivered in part performance of a contract made and entered into and finally completed on the twenty-third day of July, 1879, by and between

———————
*These syllabi are taken from 10 Mo. App. 241.

plaintiffs and defendant, whereby it purchased of plaintiffs a certain lot of wrought scrap, consisting of one, one-half and three-eighth inch plate, blacksmith scrap, and a lot of gas pipe from the Southern Hotel, and all other scrap iron then pointed out and piled up in the yard of the plaintiffs, at twenty-two dollars per ton, to be moved by defendant at its convenience; that said bid was accepted by plaintiffs in writing (and the sale made effectual and complete in law), a copy of which is herewith filed, and marked "Exhibit A."

"Exhibit A" was as follows:

"St. Louis, July 23, 1879.

"*Messrs. Chouteau, Harrison & Valle, City.*

"Gents.—Your proposal for four hundred tons, more or less, of wrought scrap, consisting of one, one-half and three-eighth plate blacksmith scrap, and lot of gas pipes from Southern Hotel, and other scrap, as shown your Mr. Fusz, at twenty-two dollars per net ton in our yard, is accepted. You can commence hauling same at your convenience.                      Very truly,

"$22.00          Shickle, Harrison & Co."

On the trial the defendants read the exhibit "A," and then offered Paul Fusz as a witness who testified that he was secretary of defendant and had negotiated the sale with plaintiffs; that the iron was at the time in different piles stacked up around plaintiffs' yard. Witness was then asked the quantity of iron at the time of the purchase, and answered, five hundred and fifty or six hundred tons. Q. "Where were you when you made the proposal to purchase?" A. "I was at the defendant's yard where the iron lay." Defendant then offered to prove by this witness that the proposal made by Fusz was for the purchase of all the scrap iron in plaintiffs' yard; and that at the time it was estimated by plaintiffs at about four hundred tons, and by witness at over five hundred tons; also, that the iron pointed out and shown to Mr. Fusz, at the time of his proposal, included all the scrap iron in the yard. To all of which the plain-

tiff objected upon the ground that it was incompetent as tending to contradict the written contract. The court excluded the evidence, found against the defendant, and excluded the counter-claim, from which judgment the defendant appealed to the St. Louis court of appeals, where the judgment of the circuit court was by consent affirmed *pro forma*, and from which the defendant prosecutes the appeal to this court.

Upon the first trial of this case in the circuit court, the evidence of the witness Fusz, substantially as given above, was admitted; there was a verdict and judgment in favor of defendant as to the counter-claim, which, on an appeal to the St. Louis court of appeals, was reversed; that court holding the evidence inadmissible as tending to contradict or vary a written contract. We have given this case, as well as the opinion of the court of appeals (10 Mo. App. 242) in the same case, careful consideration, and have arrived at the conclusion that the learned judge has well stated the law and properly decided the questions presented, and we deem it unnecessary to go over the same grounds. We, therefore, adopt their opinion, and affirm the judgment of the court of appeals. All concur.