SAMUEL JAMES, Respondent, v. E. R. CLOUGH, Appellant.

St. Louis Court of Appeals, March 22, 1887.

1. CONTRACT—SUBSCRIPTION—CONSIDERATION.—A subscription of a certain sum, for the erection of a mill, is supported by a sufficient consideration, as soon as the promisee has expended money, or labor, on the faith of it.

2. ——— PRESUMPTIONS—ORAL TESTIMONY.—It will be conclusively presumed that a written contract, which purports to contain the entire agreement, covers the entire subject and extent of the undertaking of the parties thereto,

3. INSTRUCTIONS—IRRELEVANT MATTERS.—An instruction which submits irrelevant matters to the jury, for their finding, is properly refused.

APPEAL from the Laclede County Circuit Court, R. W. FYAN, Special Judge.

*Affirmed.*

JAMES MORAN and J. H. QUINN, for the appellant: By that contract, the amount subscribed by the various persons became the property of the corporation, and the plaintiff had no interest in it, other than as a stockholder in the corporation ; hence, not the real party in interest, and can not maintain this action. Rev. Stat., sects. 3462, 3464, 3466 ; *Hutchings to use v. Blackford,* 35 Mo. 285 ; *Williams v. Whitlock,* 14 Mo. 553 ; *Cable v. Clark,* 21 Mo. 223 ; *Ramey v. Smizer,* 28 Mo. 310 ; *Dewey v. Carey,* 60 Mo. 224. It was the duty of the court to construe the agreement, and not leave that question to the jury. *St. Louis Gaslight Co. v. City of St. Louis,* 46 Mo. 128 ; *Michael v. Insurance Co.,* 17 Mo. App. 23 (26 N. W. Rep. 522) ; *Edwards v. Smith,* 63 Mo. 119. The defendant, having been induced to sign the subscription

by the deception practiced by the plaintiff, is not bound. *Briggs v. Evarts*, 51 Mo. 245; *Cole v. Wiedmair*, 19 Mo. App. 7; *Rothschild v. Frensdorf*, 21 Mo. App. 318; *Cahn v. Bungardt*, 18 Mo. App. 115. The representations of the plaintiff are material to an honest and fair conclusion of the contract between the parties, and it was manifest error in the court to exclude the same. *Pitt v. Gentle*, 49 Mo. 74; *Wright v. McPike*, 70 Mo. 175; *Caldwell v. Henry*, 76 Mo. 254; *Dulaney v. Rogers*, 64 Mo. 201; *Edwards v. Smith*, 63 Mo. 119; *The State to use v. Miserz*, 74 Mo. 596; *Briggs v. Evarts*, 51 Mo. 245.

J. P. Nixon, for the respondent: The interpretation of a written contract is a question for the court, and not for the jury. *Michael v. Insurance Company*, 17 Mo. App. 23; *Fruin v. Railroad*, 6 West. Rep. 606; *Burris v. Blair*, 61 Mo. 140; *Shepard v. St. Charles*, 28 Mo. 377; *Edwards v. Smith*, 63 Mo. 127; 14 Mo. App. 91. There is no allegation in the answer, that the defendant was deceived by, or relied upon, the alleged fraudulent representations. *Terry v. Insurance Co.*, 3 Mo. App. 595; *Parker v. Marquis*, 64 Mo. 38; *Bryan v. Hitch*, 43 Mo. 531; 2 Pars. on Cont. 773. The execution of the contract sued on, not being denied under oath, stands confessed. *Rothschild v. Frensdorf*, 21 Mo. App. 323; *Smith v. Rembaugh*, 21 Mo. App. 391; *McGill v. Wallace*, 22 Mo. App. 683.

Rombauer, J., delivered the opinion of the court.

Sundry citizens of Laclede county, and among their number the defendant, being desirous to have a woolen mill erected in the town of Lebanon, in said county, upon the solicitation of the plaintiff, signed the following agreement:

"Whereas, we, the undersigned citizens of Laclede county, are desirous of having a woolen mill erected at Lebanon, Missouri, and Samuel James, signifying his purpose to build, and operate, one, therefore, and for the pur-

pose of aiding him in so doing, we agree to pay the sum set opposite our respective names, to him, as an inducement. It being understood that the said Samuel James obligates himself, on receipt of the sum of twenty-five hundred dollars, for the erection of the building by subscription, to furnish, and put in machinery, of the value of twenty-five hundred dollars, for the successful operation of said mill, and, in case of his failure in performing his part, this subscription to lapse, and the interest or subscription advanced and put in the building to be a subsisting lien on said building, and, if not paid into the building, to be returned by him to the donors."

The sum set opposite the defendant's name is one hundred dollars, the total subscription amounting to $2,598.

The defendant failing to pay his subscription on demand, the plaintiff instituted this suit against him before a justice, setting out in his statement the conditions of the subscription, and averring full performance of the undertaking on his own part. The defendant filed a denial, setting up the following affirmative defence:

"The defendant, further answering, states and alleges the facts to be, that he, the plaintiff, represented to the defendant that the Lebanon Woolen Mill Manufacturing Company would not rebuild, and, if the defendant would subscribe one hundred dollars, he, the plaintiff, would build and furnish machinery worth twenty-five hundred dollars, and would operate the same himself, for his own exclusive benefit, and, when erected, no other person would have any interest in, or to, the same, and that Hoskinson, Ellis, or the Lebanon Woolen Mill Company would not have any interest in the mill when erected, and that he was unable to build without such subscription; that the defendant, induced by the representations of the plaintiff, and for the purpose of aiding the plaintiff to build and furnish the machinery, did subscribe, and promise to pay, the sum of one hundred dollars, in consideration of the plaintiff building said mill, and putting

in twenty-five hundred dollars worth of machinery, and operating the same, but with the express agreement that he would not pay the same, if Hoskinson, Ellis, or the Woolen Mill Company had any interest in the mill he would build ; that the plaintiff did not build said mill nor put in twenty-five hundred dollars worth of machinery, as he agreed to do, but the Lebanon Woolen Mill Manufacturing Company did build the said mill, and furnish the machinery for operating the same ; that the plaintiff demanded the one hundred dollars, subscribed as aforesaid, from the defendant, and the defendant refused to pay the same, because the plaintiff did not comply with his agreement—on the contrary, sold and transferred all his right, title, and interest in, and to, the said subscription list to the Lebanon Woolen Manufacturing company, for one thousand dollars.''

There was judgment for the plaintiff on trial anew in the circuit court, and the defendant appealing assigns for error, that the court excluded legal testimony offered by him, and gave erroneous instructions to the jury.

Upon the trial the subscription agreement was offered in evidence, the defendant's signature thereto not being denied. The plaintiff then gave evidence tending to show that he erected the mill and put in machinery at an expense of thirty-four hundred dollars and more, giving the items of expenditure in detail, and did this on the faith of the subscription; that besides the subscriptions collected, he put in part of his own money, about forty dollars; that the money not being sufficient he made an arrangement with Hoskinson and Ellis, who had subscribed seven hundred dollars, to let them have all the money he could collect on the subscriptions, they to furnish the necessary money for the erection of the mill, the plaintiff to get one thousand dollars of the capital stock of a corporation to be formed, to receive three dollars per day while engaged in building the mill, and one-third of the profits ; that the mill was erected mainly with money furnished by

Hoskinson and Ellis, and sixteen hundred dollars collected from persons who had signed the subscription list; that the plaintiff was to have the exclusive charge of running the mill when completed, and that the one-third net profits of the earnings of the mill was to be paid to him by the corporation by way of salary.

Upon the cross-examination of the plaintiff, he was asked what passed orally between him and other subscribers at the time, when the subscriptions were obtained as to conditions upon which such subscriptions were about to be made. This testimony being objected to, as an attempt to vary the written contract entered into, by oral testimony, the defendant, upon suggestion of the court, made the following offer of proof:

"That he, the plaintiff, told the defendant and all others to whom he presented the subscription, that he would build and operate the woolen mill himself; that the Lebanon Woolen Manufacturing Company would not have anything to do with the mill that would be erected by him, nor would Isaac Hoskinson, or Erwin Ellis; that the defendant and other persons who subscribed to aid him in building the mill, told the plaintiff at the time they subscribed, that he would not give any money or aid him in any manner if the Lebanon Woolen Manufacturing Company, or Hoskinson, or Ellis, was to have any interest in, or connection whatever with, the mill that he was to erect; that the plaintiff assured the defendant, at the time he subscribed, that he would build the mill himself and for his exclusive benefit, and that the Lebanon Woolen Manufacturing Company, or Hoskinson, or Ellis, would not have any connection with, or interest in, the mill when completed; that with this assurance from the plaintiff he subscribed, but with the express understanding that he would not pay anything should the Lebanon Woolen Manufacturing Company, or Hoskinson, or Ellis, have any interest in, or connection with, the mill when completed, for the reason that was then stated, that he

would not, under any circumstances, give any money to those persons, or to any other men like them, as they were capitalists and able to build themselves. Which evidence so offered the court refused to permit to go to the jury, and sustained the objections of the plaintiff. To which action and ruling of the court the defendant then and there duly excepted."

The defendant also offered to prove substantially the same facts, by his own testimony, and by the testimony of other witnesses, but all such testimony was excluded by the court, on the ground that it was an attempt to vary and contradict, by oral evidence, the written contract, and engraft conditions upon the plaintiff's promise, other than those made in the writing.

On the part of the plaintiff the court instructed the jury as follows:

"The court instructs the jury that if they believe, from the facts and circumstances in evidence, that, for the purpose of aiding the plaintiff in building a woolen mill in Lebanon, the defendant subscribed one hundred dollars, and that, upon the faith of such subscription, the plaintiff expended money, purchased material, and partially completed such woolen mill, and that the plaintiff afterwards, with his agents, associates, or assistants, erected such woolen mill, and the plaintiff, his agents, associates, or assistants, put into such woolen mill, material of the value of twenty-five hundred dollars, in machinery, the jury will return a verdict for the plaintiff and assess his damages at one hundred dollars, with six per cent. interest from time of demand of payment."

And on behalf of the defendant it gave the following instruction:

"The court instructs the jury that, although they may find from all the evidence that the defendant signed the subscription paper, obligating himself to pay to the plaintiff one hundred dollars, to aid the plaintiff in erecting and operating a woolen mill in Lebanon, Missouri, yet, if you further find from the subscription

paper, that the defendant agreed to pay the one hundred dollars to the plaintiff, and not to any other person, and that the plaintiff did not build and operate a woolen mill according to the terms of said agreement and subscription paper, they will find for the defendant."

This instruction might have been properly refused, because it submits to the jury the interpretation of a written contract. The court refused to instruct the jury, as requested by the defendant, that the plaintiff could not recover, under all the facts and circumstances of the case, and also refused to instruct them to find for the defendant if they found he had agreed to turn over the money collected on the subscription to others, or if they found that the woolen mill was not the sole property of the plaintiff when completed.

The consideration which supports the promise in this case is the erection of a woolen mill and machinery of the value of at least twenty-five hundred dollars, and its operation by the plaintiff. That such mill has been erected all the testimony concedes. That such consideration is sufficient to support the promise, even where the subscription paper recites the promise to be a mere donation, has been decided in *Pitt v. Gentle* (49 Mo. 74). There is nothing in the instrument which requires the mill to be erected by the plaintiff himself and without the aid of others ; on the contrary, the paper itself shows that it was to be erected with the aid of others, and that that aid was to be furnished prior to its completion.

Thus it appears that the instructions of the court were clearly proper, and that the error complained of in giving the plaintiff's instruction, and refusing those of the defendant, is not well assigned.

Nor was it error to exclude the oral testimony offered, which varied the written contract. Assuming even that the alleged representations were material, the proof offered does not tend to show that the plaintiff made them in bad faith, or with any fraudulent intent. They did not relate to an existing fact, but were promises

as to the future, and can not be claimed to have been fraudulent. *Parker v. Marquis*, 64 Mo. 38. Nor does the evidence tend to show want of consideration, illegality, duress, imbecility of the promisor, want of final delivery, or an original verbal contract, part of which only has been reduced to writing. Nor is the contract itself incomplete in its terms, or ambiguous in its language. The evidence offered does not fall within any recognized exception to the general rule which excludes such evidence for reasons of the most obvious policy.

The claim for the admission of this evidence is made on the distinct ground, that, as between the original parties to a written contract, it may be shown by parol that the contract in fact made was different. To such a proposition we can not give our sanction. Besides some lose *dicta* in *Briggs v. Ewart* (51 Mo. 249), which case has been since repeatedly overruled, in *Wright v. McPike* (70 Mo. 175), and *Cole v. Wiedmair* (19 Mo. App. 7), there is nothing in the reported decisions of courts of final judicature in this state, even tending to show that the rule of evidence on the subject in this state is different from what it is in other states, and in all other jurisdictions where the common law is administered.

Parol contemporaneous evidence is not admissible to contradict or vary the terms of a valid written instrument. The rule has its exceptions, as above stated, but with these exceptions it applies alike to specialties and simple contracts in writing, because it is conclusively presumed that a written instrument, apparently complete, contains the whole engagement of the parties on the subject therein mentioned, and the manner and extent of their undertaking. 1 Greenl. Evid., sect. 275 ; 2 Phil. Evid. 350 ; 2 Starkie Evid. 544, 548 ; *Weston v. Ewes*, 1 Taunt. 115 ; *Kaines v. Knightly*, Skin. 54 ; *Sayward v. Stevens*, 3 Gray, 97 ; *Hoare v. Graham*, 3 Camp. 57 ; *Hanson v. Stetson*, 5 Pick. 506 ; *Spring v. Lovett*, 11 Pick. 417 ; *Allen v. Furbish*, 4 Gray, 506, 505 ; *How v.*

*Walker*, 4 Gray, 318 ; *Bartlett v. Wyman*, 14 Johns. 260 ; *Taylor v. Sayre*, 4 Zabr. 647 ; *Shickle v. The Chouteau Iron Co.*, 10 Mo. App. 242 ; s. c., 84 Mo. 161, 163. These few cases are selected, because they illustrate the rule as applied to a great variety of cases, some of which are almost identical in their facts with the present. This rule of evidence, so far from being relaxed when the controversy is one between the parties, is one applying exclusively to parties and their privies, as strangers to the written contract may, at all times, show by parol that it was not the true contract made.

We are of opinion that the court did not err in excluding the oral testimony which was offered by the defendant, and by which the written contract between the parties was sought to be varied.

All the judges concurring, the judgment is affirmed.