MATT CLARK, Respondent, v. D. R. DIFFENDERFER *et al.*, Appellants.

St. Louis Court of Appeals, May 22, 1888.

1. EVIDENCE—WRITTEN CONTRACT VARIED BY PAROL.—It is error to admit parol testimony to vary the terms of a written contract, when there is no ambiguity in the writing, and the contract is complete in itself.

2. PRACTICE—DEMURRER TO EVIDENCE.—Where the plaintiff sued for work done in second-class masonry, and the engineer, by whom, under the terms of the contract, the measurements and classifications were to be determined, testified that the plaintiff did no second-class masonry, the court ought to have sustained a demurrer to the evidence.

APPEAL from the Laclede Circuit Court, HON. BEN. V. ALTON, Judge.

*Reversed.*

JAMES MORAN, for the appellants: It was manifest error in the court to allow parol evidence to go to the jury varying the terms of the written contract. *Shickle v. Chouteau,* 84 Mo. 161; *James v. Clough,* 20 Mo. App. 147; *Bartlett v. Weyman,* 14 Johns. 260; *Hanson v. Stetson,* 5 Pick. 506; 1 Greenl. Evid., sec. 275; 2 Stark. Evid. 544. The clause in the written contract, stating that "the measurement and classification to be the same as made by the chief engineer or his assistants," is the essence of the entire contract. The first instruction given by the court on behalf of plaintiff is misleading. It tells the jury that if the plaintiff "did second-class masonry, and that the engineer refused or neglected to make an estimate for such work, and that defendants were a party to such wrong," etc. There was no evidence introduced to support this proposition, and in submitting it to the jury the court committed error. *State ex rel. v. Faulkner,* 74 Mo. 607; *Bowen v. Railroad,* 75 Mo. 426, 437; *Utley v. Tolfree,* 77 Mo. 307, 508, 591; *Condow v. Railroad,* 78 Mo. 567; *Kinney v. Railroad,* 70 Mo. 253; *Bank v. Westlake,* 21 Mo. App. 565; *Elliot v. Welby,* 13 Mo. App. 19; *Kramn v. Faulkner,* 9 Mo. 34; *Conway v. Railroad,* 24 Mo. App. 235; *Muirhead v. Railroad,* 19 Mo. App. 634; *Chouteau v. Searcy,* 8 Mo. 734; *Beauchamp v. Higgins,* 20 Mo. App. 514; *Bank v. Overall,* 16 Mo. App. 510; *Skyles v. Bollman,* 85 Mo. 35; *Musick v. Railroad,* 57 Mo. 134; *Bell v. Railroad,* 72 Mo. 50; *Biglow v. Carney,* 18 Mo. App. 534. The second instruction is erroneous in this, that it singles out the evidence of plaintiff, and tells the jury that if the plaintiff has shown that he did any second-class, etc. This language is calculated to direct the mind of the jury to the plaintiff's own testimony, and

he swore that he did twenty-four yards of second-class masonry, and the jury excluded all other evidence, as they were warranted in doing under the second instruction, and found for plaintiff in the amount sworn to, viz., twenty-four yards. To give an instruction that would permit of this, is manifest error. *State v. Bailey*, 57 Mo. 131, 134; *Donohue v. Railroad*, 83 Mo. 560; *Chouteau v. Iron Works*, 82 Mo. 73; s. c., 12 Mo. App. 565; *Gray v. Parker*, 85 Mo. 107; *Raysdon v. Trumbo*, 52 Mo. 35; *Judd v. Railroad*, 53 Mo. 56; *Weil v. Swartz*, 21 Mo. App. 373, 110; *Clay v. Railroad*, 17 Mo. App. 629; *Ehrlich v. Ins. Co.*, 15 Mo. App. 579; *Jamison v. Carl*, 5 Mo. App. 598; *Seegrist v. Arnold*, 10 Mo. App. 197; *Hoffman v. Parry*, 23 Mo. App. 20; *Kendig v. Railroad*, 79 Mo. 207; *Pourcelly v. Lewis*, 8 Mo. App. 593; *Spohn v. Railroad*, 87 Mo. 74; *Chouteau v. Iron Works*, 83 Mo. 87; s. c., 12 Mo. App. 565. There was no evidence to support the verdict, and the court erred in refusing defendant's first instruction demurring to its sufficiency. *Spooner v. Railroad*, 23 Mo. App. 403; *Wright v. Railroad*, 20 Mo. App. 481; *Brewing Co. v. Bodeman*, 12 Mo. App. 572; *Taylor v. Fox*, 16 Mo. App. 527; *Lionberger v. Pohlman*, 16 Mo. App. 392; *Railroad v. Vasburg*, 45 Ill. 311; *Kidwell v. Railroad*, 11 Gratt. 676; *Gas Co. v. City*, 46 Mo. 121; *Matthews v. Danahy*, 26 Mo. App. 660. The sole question at issue was, how much work had been done under the contract. The engineer swore that there was but 49.6 cubic yards of third-class masonry done by plaintiff, or by the firm of Diffenderfer & Company. This evidence is supported by estimates, and to permit the written contract made by plaintiff and defendants to be broken down by the parol evidence of plaintiff and his father, and thereby compel defendants to pay plaintiff two hundred and ninety-four dollars instead of one hundred and fifty dollars, the amount earned under the contract, would in effect state a doctrine that would compel contractors for work on railroad works to pay twice as much as they agreed to pay by the terms of the written contract.

NIXON & MOORE, for the respondent.

PEERS, J., delivered the opinion of the court.

This cause was transferred to this court from the Supreme Court, pursuant to the provisions of an act of the General Assembly of the state of Missouri, approved March 4, 1885. Laws, 1885, p. 144.

The case originated before a justice of the peace in Laclede county and is based on an account for work done under a written contract. From the judgment of the justice the defendant appealed to the circuit court, where, in August, the plaintiff again having judgment, the defendants again appeal and bring the case here.

Quite a number of reasons are assigned why the judgment should be reversed, chief among which are:   (1) Because the court erred in overruling defendants' demurrer to the evidence ;   (2) because the verdict of the jury is against the evidence adduced at the trial ; (3) because the verdict is against the law as declared in the instructions given by the court ;   (4) because the court erred in refusing to give instructions asked by defendants ;   (5) because the court erred in permitting oral evidence to go to the jury to vary the terms of the written contract introduced in evidence and made· between plaintiff and defendants.

The work here sued for was done under the following written agreement :

"This agreement made and entered into at Lebanon, Missouri, this fifteenth day of September, 1881, by and between Matt Clark, party of the first part, and Diffend-erfer & Company, party of the second part. Witnesseth : That for and in consideration of the payments herein-after mentioned, the party of the first part hereby covenants and agrees and binds himself strictly in accordance with the terms and stipulations of this agreement to perform certain work and labor, beginning at station one and ending at station five hundred and

eighty-five of the Laclede & Fort Scott Railroad Company, under the direction of the said party of the second part, or any agent it may appoint, and subject to the chief engineer of said Laclede & Fort Scott Railroad Company, at the following prices per cubic yard of each material designated, to-wit : First-class masonry, nine dollars ($9.00) per cubic yard ; second-class masonry, six dollars ($6.00) per cubic yard ; third-class masonry, three dollars ($3.00) per cubic yard ; paving slope wall or rip-rap, one and twenty-five hundredths dollars per cubic yard. Haul over one mile on masonry, thirty cents per cubic yard per mile after first mile. The measurements and classifications to be the same as made by the chief engineer of the Laclede & Fort Scott Railroad Company, or his assistants."

There was testimony tending strongly to show that under the contract the plaintiff had been paid for all the work he did. According to the estimate made by the chief engineer, upon this point, the witness, Walkinshaw testified : "Burlingame was chief engineer. Quigley succeeded him. This estimate of the engineer is the last and final estimate of work done by Diffenderfer & Company. I paid the hands for work done. I settled with Matt Clark (plaintiff) after the work was done. Matt Clark said he wanted to get his money, and never said anything about second-class masonry. He did not express any dissatisfaction at his pay. * * * At the time I settled with him he made no objections to the settlement. We paid in full the amount he claimed."

J. B. Quigley testified : "I measured and estimated all the work done by Diffenderfer & Company, and, as chief engineer, measured all the work done by the plaintiff. Said measurement was carefully done, and is correct, as rendered, in every particular, and that all the work done by Clark on said road is forty-nine and six-tenths yards of third-class masonry. He did not do any second-class masonry on said road for defendants. I conversed with plaintiff in regard to work done by

him and he then was perfectly satisfied with the esti-
mate and made no complaint, but on the contrary said
it was correct in every particular."

Such being the testimony, as to the classifications
and the measurements, under the written contract
made by the parties, we are unable to discover upon
what theory the plaintiff is entitled to recover at all.
He sues for second-class masonry, and the engineer to
whom he agreed in writing to leave the classification
and measurement, says he did no second-class masonry,
and was paid for all the third-class work he performed.
The plaintiff is bound by his agreement, it is plain and
direct. It describes the work, specifies the pay, and
directs the measurement and classification.

We think the court erred in permitting the plaintiff
to offer parol evidence varying the terms of the written
contract. There was no such ambiguity in the contract
as called for parol explanation, nor is the contract in
itself incomplete in its terms. *James v. Clough*, 25
Mo. App. 147; *Shickle v. Chouteau*, 10 Mo. App. 241.

But aside from this question and independent of
the error complained of in giving and refusing instruc-
tions, we are at a loss to understand upon what theory
the court sent the case to the jury. There was no testi-
mony to justify it, and the demurrer to the evidence
ought to have been sustained.

It follows, then, that the judgment of the lower
court must be reversed. The other judges concurring,
it is so ordered.