J. R. WELSH, Respondent, v. R. C. EDMISSON, Appellant.

**Kansas City Court of Appeals, June 8, 1891.**

1. **Evidence:** VARYING WRITTEN INSTRUMENT: IDENTIFYING SUB-JECT-MATTER OF CONTRACT. While parol evidence cannot be admitted to contradict or vary the terms of a written contract, yet such evidence is competent to identify the subject-matter of the contract, where the instrument is alike applicable to several persons, matters or things, or the terms are vague and general, not definitely identifying the subject-matter of the contract. So, parol evidence is admissible to show that a given note was not embraced in the general terms of an assignment made by a partnership of all its notes and accounts, but that the interest of the partnership in such note had been extinguished before the assignment.

2. **Instructions:** IGNORING ISSUE. An instruction that ignores a material issue of fact made by the pleadings is error.

3. **Evidence:** ASSIGNMENT: LIST OF NOTES: PAROL TO CONNECT. Although an assignment of notes and accounts, and a list of notes, do not refer to one another, it may be shown by parol evidence that the latter was made contemporaneously with the former as a part of it, and it may be introduced to identify the subject-matter of the assignment.

*Appeal from the Dallas Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED.

*John S. Haymes,* for appellant.

(1) The testimony offered by defendant, and rejected by the court, was admissible. The assignment says, "all my interest in the partnership notes, etc., which belonged to us while in business together." A note to be conveyed had to possess the compound quality of coming within both of these requirements at

the time of the conveyance. If it was wanting in either it was not conveyed. The use of the words "interest in" and "partnership notes" show that only notes "due the firm" were intended to be conveyed. The petition recognizes this. This evidence would have shown whether the Bridges note was a partnership note and to whom it was due. The assignment does not say this was a partnership note. Then, certainly, this evidence would not have varied it, but would have applied it to its subject-matter. *Philibert v. Burch*, 4 Mo. App. 470; *Amonett v. Montague*, 63 Mo. 201. It was clearly admissible to meet one of the issues made by the pleadings. The petition alleges that plaintiff "purchased defendant's interest in all notes and accounts due the firm," and that among these was the Bridges note, and having thus sued he cannot disregard his own pleadings and recover on a different theory. *Weil v. Posten*, 77 Mo. 284; *Waldheir v. Railroad*, 71 Mo. 514. (2) The first instruction asked by defendant should have been given. There was no pretense that the Bridges note was included in the written list transferred. (3) The third instruction should have been given. Both the assignment and list of notes are to be construed together. 2 Par. on Cont. [7 Ed.] 503; *Lewis v. Ins. Co.*, 3 Mo. App. 372; *Railroad v. Atkinson*, 17 Mo. App. 484; *Sexton v. Anderson*, 95 Mo. 373; 1 Wait's Act. & Def., p. 122, sec. 12, and cases cited. "And the rule is the same when such instruments are executed at different times." 1 Wait's Act. & Def., sec. 12, p. 123, and cited cases. (4) Instructions, numbered 5 and 6, should have been given. They covered the exact issues made by the pleadings.

*Engle & Scott*, for respondent.

(1) The testimony offered by the defendant was, therefore, properly excluded. The contract of assignment is unambiguous and complete in itself. Parol

testimony is inadmissible to contradict, add to, detract from or vary the terms of such a contract. 1 Greenl. Ev., secs. 275, 276, 277; *County v. Wood*, 84 Mo. 489; *Wislizenus v. O'Fallon*, 91 Mo. 184; *Pearson v. Carson*, 69 Mo. 550; *Miller v. Dunlap*, 22 Mo. App. 97; *State ex rel. v. Hoshaw*, 98 Mo. 358; *Keohring v. Meumminghoff*, 61 Mo. 403; *Huse v. McQuade*, 52 Mo. 388; *Murdock v. Gauahl*, 47 Mo. 135; *Massuean v. Holscher*, 49 Mo. 87; *Woodward v. McGaugh*, 8 Mo. 161. Where a contract is claimed to be contained in several papers, oral testimony is inadmissible to show what papers are referred to; this must appear on the face of the document itself. The assignment in this case is complete in itself, and refers to no other papers. *Scarritt v. Church*, 7 Mo. App. 175, and the cases above cited. Authorities cited by counsel for defendant are not in point. (2) The instructions given by the court correctly declared the law to the jury. There was no legal testimony upon which to base instructions asked by defendant. *Weaner v. Hendrick*, 30 Mo. 502.

SMITH, P. J.—The petition of the plaintiff alleged that the partnership relation existing between plaintiff and defendant was on October 12, 1886, dissolved, and that the defendant for a valuable consideration sold and assigned to plaintiff his interest in all notes and accounts due the firm; that among them was the note of one Bridges, secured by chattel mortgage for $168.45; that defendant, notwithstanding the said sale and assignment to plaintiff, collected said note and refused to pay over the same to plaintiff, etc. The answer of the defendant admitted, *first*, the partnership and its dissolution; *second*, the sale and assignment, and, *third*, the collection of the Bridges note, but denied, *first*, the sale of his interest in said note to plaintiff, and, *second*, claimed title thereto in himself. It will be seen that the issues thus made by the pleadings were, *first*, whether the Bridges note was included in the sale

and transferred by defendant to plaintiff, and, *second*, whether the defendant was the sole owner of the note at the time he collected it. At the trial the defendant offered to testify: *First.* That the note mentioned in the plaintiff's petition as being collected by defendant was not a partnership note of Welsh & Edmisson, at the time the certificate of assignment mentioned in the petition was executed. *Second.* That plaintiff and defendant prior to the execution of said certificate of assignment, and prior to the dissolution of the partnership between them, by mutual agreement, divided a portion of the notes and accounts due the firm, and that each member took a portion thereof as his sole and individual property; that, among others, the note collected from Bridges was taken by the defendant, by and with the consent of the plaintiff, as his sole and individual property, and so remained his sole and individual property until the same was collected by defendant. *Third.* That the plaintiff never, after the taking of said note by defendant as aforesaid, had said note in his possession or had any interest therein. To all of this evidence the plaintiff objected, for the reason that parol testimony cannot be offered to vary a written instrument. The objection was sustained by the court and the evidence excluded, and the defendant at the time excepted.

In determining whether defendant is entitled to a reversal of the judgment on account of the action of the court in rejecting his offer of this evidence, we are obliged to assume that he was able to prove what he offered to prove. *Funk v. Gullware*, 49 Conn. 124. The rule is elemental that parol evidence cannot be admitted to contradict or vary the terms of a written contract. *Clark v. Diffenderfer*, 31 Mo. App. 232. So the rule is well settled that oral testimony is inadmissible to vary the terms of a written contract which are clear, precise and unambiguous and embrace the entire

agreement of the parties. *Miller v. Dunlap*, 22 Mo. App. 97.

And so, too, it has been decided that, where a contract in writing purports to cover the entire transaction, evidence as to the terms of a prior oral contract is inadmissible. *Railroad v. Cleary*, 77 Mo. 634; *Turner v. Railroad*, 20 Mo. App. 632. Here it is alleged that the defendant sold to plaintiff "all notes and accounts due the firm." These terms are general, and are not specific. They do not expressly name the Bridges note. The question, therefore, is, would it be an infringement of these rules to admit parol evidence to ascertain whether the Bridges note was included in the assignment. Mr. Greenleaf in his work on evidence, section 286, fourteenth edition, states it to be a leading rule in regard to written instruments, that, since they are to be interpreted according to their subject-matter, it is obvious that parol or verbal testimony must be resorted to in order to ascertain the nature and qualities of the subject to which the instrument refers.

Evidence which is calculated to explain the subject of instrument is essentially different in its character from evidence of verbal communications respecting it. Whatever, therefore, indicates the nature of the subject is a just medium of interpretation of the language and meaning of the parties in relation to it, and is also a just foundation for giving the instrument an interpretation, when considered relatively, different from that which it would receive if considered in the abstract. Thus, when certain premises were leased including a yard, described by metes and bounds, and the question was whether a cellar under the yard was or was not included in the lease, verbal evidence was held admissible to show that, at the time of the lease, *the cellar was in the occupancy of another tenant, and, therefore, it could not have been intended by the parties that it should pass by the lease.* So, where a house or mill or factory is conveyed *eo nomine*, and the question is as to

what was part and parcel thereof, and so passed by deed, parol evidence to this point is admitted. So, if a contract in writing is to extend the time of payment of "certain notes" held by one party against the other, parol evidence was admissible to show what notes were held and intended. Greenl. Ev., sec. 287. And this author, section 288, further states the rule to be that when the language of an instrument is applicable to several persons, to several parcels of land, to several species of goods, to several monuments or boundaries, to several writings, or the terms are vague and general, etc., in these and all like cases parol evidence tending to show what persons or things were intended by the party, or to ascertain the meaning in any other respect, and this without any infringement of the rule which excludes parol evidence declaring its meaning than that which is contained in the instrument itself.

In this state the rule is stated to be, that the identity of the subject-matter of the contract not being definitely ascertained by its terms parol testimony is admissible to make it certain. *Amonett v. Montague*, 63 Mo. 201 ; *Philibert v. Burch*, 4 Mo. App. 470. From these authorities it is quite plain that the court erred in rejecting the defendant's offer of evidence. The court should, under the issues, have received parol evidence tending to show that the Bridges note was not embraced in the general terms of the assignment. Or, in other words, that at the time of the assignment it was not a *chose* of the partnership, or that the plaintiff had previously made a valid sale and transfer of his interest in it to defendant. Any evidence tending to show that the interest of the partnership in it had been extinguished before the assignment was admissible.

As this case will be remanded for further trial, it may be proper to remark that the instruction given by the court was erroneous in that it ignored a material issue of fact made by the pleadings. It should have left it to the jury to find whether or not under the

evidence the defendant had sold and transferred the Bridges note to the plaintiff. The assignment shows no reference to, or connection with, the list of notes mentioned in the evidence. The latter is not *prima facie* admissible in evidence as a part of the former. There is no reference in either to the other. *Scarritt v. M. E. Church, South,* 7 Mo. App. 174; *Railroad v. Atkinson,* 17 Mo. App. 484. But no reason is perceived why parol testimony may not be received to show that the list of notes was made contemporaneously with the assignment as a part of it. It may be introduced to identify the subject-matter of the assignment. This will not encroach upon the rule laid down in 17 Mo. App., *supra,* for the reason that it was there held the statute of fraud forbade the giving of parol evidence, to identify the property referred to in the contract. Here no such objection can be interposed to the introduction of such testimony. It may be remarked further that no reason is perceived why the third, fifth and sixth instructions asked by defendant should not have been given by the court.

The judgment is reversed and cause remanded. All concur.