RICHARD DEUTMANN, Respondent, v. ROBERT J. KILPATRICK, Appellant.

St. Louis Court of Appeals, November 10, 1891.

1. **Law and Fact:** CONSTRUCTION OF WRITTEN CONTRACTS. If an ambiguity in a provision of a written contract cannot be solved by reference to other parts of the contract, and if the surrounding circumstances are the subjects of controversy, the construction of the provision is a question of fact for the jury under proper instructions from the court.

2. **Construction of Ambiguous Contracts:** CONSTRUCTION BY PARTIES. In such case the interpretation put by the parties themselves upon the contract is of great weight, if not controlling authority.

3. **Disputed Claim:** ACCEPTANCE OF. TENDER OF PART. Where a claim is disputed and a debtor tenders a part of it to the creditor in full satisfaction of it, the creditor, if he accepts the tender, is bound by the terms thereof ; the creditor cannot accept the tender and prescribe the terms of acceptance.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*H. D. Wood*, for appellant.

*Rassieur & Schnurmacher*, for respondent.

ROMBAUER, P. J.—The plaintiff contracted to erect a building for the defendant in conformity with certain plans and specifications for the sum of $3,400. He built the house, and was paid the amount specified. When he received the last installment he executed a receipt containing the following recital : "The above is in full for all claims against R. J. Kilpatrick, and against the building and property upon which said work was and is done, and all time, labor and materials, furnished therefor and thereon." The plaintiff thereafter instituted the present suit to recover $104.75 for extra work on said building, and, upon the trial such proceedings were had, that the plaintiff recovered a verdict and judgment for $78.50. The defendant prosecutes this appeal, and assigns for error that the court gave erroneous instructions to the jury, wherein it placed a wrong construction upon the contract, as well as upon the legal effect of the receipt, the latter of which was claimed by the defendant as a release.

The extra work was claimed by plaintiff for work and material on twenty pairs of outside blinds, and for providing shelves in a pantry. Touching the last item, which amounts to $3.50, there is no controversy beyond the fact, that the defendant claims that it is also covered by the release. Touching the blinds, the controversy goes further, the plaintiff claiming that they are not covered by the contract, and the defendant claiming that they are.

The contract between the parties provided for the erection of the building according to plans and specifications under the direction of the defendant's superintendent, and further provided that, in case any alteration or change should be made in the construction, the cost and expense thereof was to be agreed on in

writing, and such agreement was to be signed by the contractor and superintendent before the same was done, or before any allowance therefor could be claimed,. and, in case of any failure so to agree, the same should . be completed upon the original plan.   So much of the specification as bears on the question for review is as follows:

"*Shutters and blinds.*   The windows of front to have inside shutters in folds as marked on plans  * * * all inside shutters to be cut into two heights.

"*Painting and glazing.*   All the woodwork, tin and galvanized iron work to receive three good coats of strictly pure white lead, and linseed oil paint, in tints as will be directed, blinds to be Paris green, cornices in colors to match the cut-stone work.   All the inside and outside work to be grained in number 1 imitation of antique oak or black walnut, with panels to imitate veneering, and to receive, including all hard wood, one good coat of best coach-body varnish."

No outside blinds were shown on the plans, but there was evidence to the effect, that it is not customary to show such blinds on the plans.   It was conceded that the words, " blinds to be Paris green," had reference to outside blinds.   The plaintiff's evidence was to the effect, that he always told the defendant that outside blinds were not covered by the contract, and that he refused to provide for them at first, and did so only upon the defendant's promise to pay for them.   The defendant's evidence was to the effect, that he always insisted that the outside blinds were covered by the contract ; that he never agreed to pay for them extra, and that both he, himself, and his superintendent told the plaintiff he would have to provide for the blinds under the contract.

The court instructed the jury, in substance, that the plaintiff under the contract was entitled to recover the reasonable value of the work and material for making and hanging the outside blinds, but not for

painting them. The court further instructed the jury that if, at the time when the plaintiff signed the receipt, he was informed that the check for $368.82 was tendered to him unconditionally in full satisfaction of all claims against the defendant for work done and material furnished upon the building, and that he thereupon accepted and collected the check, the jury should find for the defendant. On the other hand if the jury found that, when plaintiff received the check, he stated to the defendant's agent, that he signed the receipt merely as in full of work done under the contract, and still claimed compensation for extra work, and that the agent assented thereto, then the plaintiff is not debarred by the receipt from recovering in this action.

The interpretation of written contracts is for the court. Where such contract is ambiguous in any of its terms, and the ambiguity can be resolved by reference to other parts of the contract, or surrounding circumstances which are uncontroverted by the evidence, it is likewise the duty of the court to solve the ambiguity and to declare the true meaning of the contract. But where the ambiguity cannot be solved by reference to other parts of the contract, and the surrounding circumstances are controverted, the court should charge the jury hypothetically as to the true interpretation of the contract. *Michael v. Ins. Co.*, 17 Mo. App. 23; *Fruin v. Railroad*, 89 Mo. 387; *Crawford v. Elliott*, 78 Mo. 497; *Shickle v. Chouteau, Harrison & Valle Co.*, 10 Mo. App. 241; affirmed 84 Mo. 161. In the event last named, the interpretation put by the parties themselves upon the contract is of great weight, if not controlling authority, because it is the duty of the court to give effect to the intention of the parties, where it is not wholly at variance with the correct legal interpretation of the terms of the contract. *Mathews v. Danahy*, 26 Mo. App. 660; *Sedalia Brewing Co. v. Waterworks*, 34 Mo. App. 49.

Both parties claim in the case at bar that it was the duty of the court to solve the ambiguity in the contract by reference to the instrument alone, but the defendant claims that the making and hanging of outside blinds were included in the contract according to its correct interpretation, and that the court erred in declaring that they were not.    The defendant's claim is supported by the fact, that outside blinds seem to be mentioned both as a subject with which the contract deals, in having a separate subdivision for shutters and *blinds*, and also by stating in the specification for painting, " blinds to be Paris green."    The plaintiff concedes that the painting of outside blinds is mentioned, but claims that that fact does not necessarily include the furnishing of blinds, the material and construction of which is nowhere provided for, nor is there any evidence that it is an integral part of houses of that description to have outside blinds, nor are they shown on the plans, although there is some evidence that it is not usual that the plans should show them.    The interpretation put by the parties themselves on that part of the contract is, according to the evidence adduced by them respectively, as above seen, directly opposed each to the other.

We conclude that the court erred, on this state of the evidence, in declaring the true meaning of the contract as a matter of law.    The ambiguity in its terms is not removed either by reference to other parts of the contract, or by uncontroverted surrounding circumstances.    It appears by the plaintiff's evidence that even contractors bidding on that part of the work were misled by the ambiguity of the terms.    We hold that the case is one, where both parties were justified in putting the interpretation upon the contract which they claim to have put upon it, and that the court should have submitted the question to the jury, whether the plaintiff's or the defendant's evidence as to the interpretation put upon that part of the contract

*by both of them* was true. The jury's determination of this question one way or the other would determine the intention of the parties, and hence the true interpretation of the contract.

The same error affects the ruling of the court as to the effect of the receipt. If the rulings of the court as to the interpretation of the contract are untenable, then the claim of the plaintiff for extra work stood upon the footing of a disputed claim and the plaintiff is concluded by his receipt. The case then simply stands this way: The defendant says all the work is covered by the express contract, and there is due to you thereunder the sum of $368.82, which amount I now tender to you in full of all your claims against the building. The plaintiff says all the work is not covered by the express contract. From the defendant's standpoint there was nothing else to settle except work covered by the express contract; hence, the plaintiff's argument, that the receipt speaks only of work due by express contract, has no force. If the jury finds that the work was covered by the contract according to its prior interpretation by both parties, the plaintiff is necessarily concluded by his receipt, because it covers all he had a right to demand, and the fact that he executed such receipt is evidence of the fact that he so regarded it, to be weighed by the jury with other evidence as to its interpretation by both parties. Payment of a part of a conceded debt in satisfaction of the whole is no liquidation, and even an agreement so to receive it is not supported by any consideration, and, therefore, not binding. *Reilly v. Kershaw*, 52 Mo. 226. But, where the claim is disputed, a party must accept a tender as made, or must reject it; he cannot accept it and prescribe the terms of acceptance. *Kronenberger v. Benz*, 56 Mo. 121; *Floerke v. Distilling Co.*, 20 Mo. App. 76; *Adams v. Helm*, 55 Mo. 469. Beyond this the settlement in this case was made by an agent, whose authority according to the defendant's evidence was limited, and

the fact that it was so limited was communicated to the plaintiff. This fact, if established to the satisfaction of the jury, would of itself make the settlement of the disputed claim conclusive upon the plaintiff.

It results from the foregoing that the judgment must be reversed and the cause remanded. So ordered. All the judges concur.