CLEMENS LINDEMANN *et al.*, Respondents, v. RACHEL C.
DENNIS *et al.*, Appellants.

St. Louis Court of Appeals, March 10, 1896.

1. **Building Contract, Alteration in:** IMPLIED RIGHT OF OWNER
   TO ALLOWANCE FOR ITEMS OMITTED BY CONSENT. When changes in a
   building contract are made by mutual consent of the parties thereto,
   and the builder takes and receives credit for the reasonable value of
   items thereby substituted in the place of others which are omitted,
   he is also chargeable with the reasonable value of the items thus
   omitted.

2. **Evidence:** VARIANCE OF A CONTRACT IN WRITING BY PAROL. Evi-
   dence of a prior oral agreement of the parties is not competent to
   vary the terms of a contract in writing, when neither fraud nor
   mistake is charged.

*Appeal from the Cape Girardeau Court of Common Pleas.*
HON. ALEXANDER ROSS, Judge.

REVERSED AND REMANDED.

*Frank E. Burrough* for appellants.

*Wilson Cramer* for respondents.

ROMBAUER, P. J.—The plaintiffs sue the defend-
ants upon a building contract and seek to recover a
balance of $444.95 which they claim to be due to them,
and also claim a mechanic's lien for that amount on the
property improved. No question is raised as to the
formal validity of the lien papers. The defendants by
their answer deny that any balance is due to the plain-
tiffs, and claim that they have a valid counterclaim
against them, growing out of omissions of items con-
templated by the original contract and out of malper-
formance of the contract, in the aggregate sum of

$654.37.  The cause was tried by the court without a jury, and resulted in a judgment for plaintiffs in the sum of $440.80.  The suit was instituted on the twenty-ninth of August, 1894, and judgment was rendered on the fifteenth of February, 1895, so that out of the amount found by the court less than $12 represents interest, and the judgment indicates that the court found for the defendants on their counterclaim in an amount not exceeding $16.

The defendants assign for error the admission of illegal evidence, and the refusal of proper instructions. They also claim that the verdict is unsupported by the uncontroverted facts shown upon the trial.

The plaintiffs built the house under a written contract.  It was conceded on all hands that great many changes were made in the building by consent of parties after the contract was signed.  These changes consisted, in the main, in the omission of certain items contemplated by the original contract.  As the contract price was a sum in gross, the defendants claimed by their answer and by their evidence upon the trial that they were entitled to credit for the reasonable cost of such omitted items.  They asked on the subject the following instruction, which the court refused:

"The court declares the law to be that if, after the signing of the written contract and while the building was in process of construction, the defendants directed or requested plaintiffs not to do certain work or furnish articles required by the contract, and that plaintiffs consented thereto and did not do said work, or furnish articles, then, in that event, the law raises an implied contract that plaintiffs will allow defendants, as a deduction from the contract price, the reasonable cost or value of said omitted work or articles."

The defendants were entitled to this instruction. It would be a remarkable view of the law to hold that,

where changes are made in the original contract by substituting certain items for others which are omitted, the party suing is entitled to the reasonable cost of the substituted items, but not chargeable with the reasonable cost of those omitted. Yet the refusal of defendant's instruction, as well as the finding of the court, would indicate that the court took that view of the law, since one of the plaintiffs testified that items of a value of $101 and more were omitted by mutual consent, while the defendants' architect put the value of the items thus omitted at more than double that amount.

While one of the plaintiffs was on the stand, the court permitted him, against the defendant's repeated objections, to state what his understanding with the defendants was prior to the execution of this written contract as to material to be used in the building, and also that defendants were to furnish certain material, and also that certain work mentioned in the contract was to be dispensed with. The defendants asked the following instructions on that subject, which the court refused:

"The court declares the law to be that, in construing what was the contract between the plaintiffs and defendants as to the building of the house, it will not consider any conversations had between plaintiffs and defendants prior to the signing of the written contract."

"In determining what was the contract between the parties, the court will not consider any testimony of any of the parties as to what was his or their understanding thereof, based on any conversations among them prior to signing the contract."

The action of the court in ruling on this evidence and on these instructions was erroneous. All antecedent negotiations are presumed to be merged into a

Vol. 65 app—33

subsequent written contract on the same subject, which, in the absence of fraud or mistake, is conclusively presumed to contain the whole engagement and the manner and extent of the undertaking of the parties. *State ex rel. v. Hoshaw*, 98 Mo. 358; *James v. Clough*, 25 Mo. App. 147; *Storck v. Mesker*, 55 Mo. App. *loc. cit.* 38. As the oral evidence thus admitted sought to vary the written contract in important particulars, its admission was prejudicial to the defendants.

It results that the judgment must be reversed and the cause remanded. So ordered. All concur.