Halliday & Co. v. Lesh.

G. V. HALLIDAY & COMPANY, Appellant v. W. H. LESH, Respondent.

**St. Louis Court of Appeals, October 23, 1900.**

1. **Contract of Sale of Safe: REFUSAL TO ACCEPT IT ACCORDING TO CONTRACT: DAMAGES.** As plaintiff agreed to purchase the safe by a plain and unconditional contract, his refusal to accept it would render him liable for nominal damages in any event.

2. ————: ————: EVIDENCE TO INTERPRET, CONTRACT. Unless a contract is ambiguous in some way, parol evidence is not admissible to affect it for any purpose, not even to show the interpretation placed on it by the parties.

3. ————: ————: DAMAGES, RULE OF. The measure of plaintiff's damages for the violation of the contract would be the difference between the contract price of the safe, and its market value at the city of Mexico, place of delivery, with any reasonable expense incurred by plaintiff in attempting to comply with the contract.

4. ————: ————: ————: MARKET VALUE. If there was no established market for the safe at Mexico, its value at nearest and most convenient market, less freight, would be the market value.

Appeal from the Audrain Circuit Court.—*Hon. Elliott M.* *Hughes,* Judge.

REVERSED AND REMANDED.

*Fry & Clay* for appellant.

(1) The court erred in not admitting question and answer No. 31 of deposition (page 9, Abstract). This evidence was clearly proper for the purpose of showing what expense plaintiff had incurred by reason of the contract being entered into by defendant, and the damages he had sustained by reason of its breach. Shouse v. Neiswaanger et al., 18 Mo. App. 236; Chalis v. Witte, 12 Mo. App. 715; Fulkerson v. Eads, 19 Mo. App. 620; Huse & Loomis v. Heinze, 102 Mo. 245. (2) The court erred in permitting witness Smythe to testify as to the conversation between himself and Custer (page 17, Abstract). This testimony was admitted for the purpose of showing whether the writing sued on was an order (proposal) or a contract. This was clearly a question of law and should have been determined by the court. The question should not have been whether Custer considered it an order or a contract, but was it really an order or a contract. Evans v. Western Brass Co., 118 Mo. 548; Chapman v. Railroad, 114 Mo. 542; Black River Co. v. Warner, 93 Mo. 374; Hunt v. Hunter, 52 Mo. App. 263. (3) The case should have been submitted to the jury. Plaintiff was at least entitled to nominal damages for the breach of the contract on the part of the defendant. Dulany v. St. Louis Co., 42 Mo. App. 659; Fulkerson v. Eads, 19 Mo. App. 620.

No briefs furnished for respondent.

BIGGS, J.—The plaintiff, G. V. Halliday, is engaged

in the manufacture and sale of safes under the name of G. V. Halliday & Company. His manufactory is located in Cincinnatti, Ohio. He has a place of business in the city of St. Louis for the sale of manufactured stock. The defendant executed and delivered to plaintiff the following order.

"Mexico, Mo., 11—4, 1898.

"Please ship as directed as soon as possible one No. 10 Excelsior Fire-Proof Safe with inside doors as illustrated in catalogue on page 10 of the dimensions and plan of interior as specified on the back of this order, marked to W. H. Lesh, town or city of Mexico, county of Audrain, State of Missouri, via Wabash Railway, for which I agree to pay to your order per bank draft or current funds, the sum of ($95), Ninety-five Dollars, as follows: Twenty dollars cash on arrival of safe and ten dollars monthly until paid. Name on safe, Ringo Hotel. Ship when ordered by letter.

"You to deliver said safe as herein directed on board boat or cars in Mexico, Mo.

"And it is agreed that you do not part with nor relinquish your claim on or title to said safe until paid for in full, and in default of the payment of the safe as agreed, you or your agent may without process of law take possession of and remove said safe, the signer or signers hereto agreeing to pay all damages, freights and charges that may arise from the non-payment as above stipulated. It is agreed that all deferred payments shall be settled for by note. Notes to be signed and forwarded within five days after arrival of safe at our nearest railroad station. In default of settlement the whole amount becomes due and payable at once in cash. It is agreed hereby that this order shall not be countermanded by the maker or makers of same. It is given subject to your approval, and nothing but shipment or delivery shall constitute an acceptance of this order by G. V. Halliday & Company. This order constitutes and contains the only agreement made in relation

thereto, verbal statements to the contrary notwithstanding.
"W. H. Lesh."

The plaintiff alleged an offer to comply with the contract
and a refusal on the part of the defendant to receive the
safe.  The answer is a general denial.  At the close of the
evidence the circuit court peremptorily directed the jury to
return a verdict for the defendant.  The plaintiff has ap-
pealed.

We are not advised of the views of the learned circuit
judge, as the respondent has not favored us with briefs.

The contract is unambiguous, and unquestioably it is an
unconditional contract to purchase a safe of the description
mentioned. The stipulation that the safe was not to be shipped
until the plaintiff received a specific order from defend-
ant did not make the purchase conditional.  Under the con-
tract the defendant was bound to order the shipment within a
reasonable time, and having failed to do so it was the plain-
tiff's right to offer to deliver the property.  Having done so
and the defendant having refused to accept it, the latter be-
came liable for damages for the breach of the contract.
Touching the proper interpretation of the contract it could
make no difference, that at the time the order was received,
the plaintiff's manager was of the opinion that it was not in
its legal effect an order, as the evidence introduced by the
defendant tended to show.  That evidence was incompetent
and should have been excluded. The contract is unambiguous.
It is only where there is an ambiguity in a writing that the
interpretation placed on it by the parties is admissible.  Deut-
mann v. Kilpatrick, 46 Mo. App. 624; Moser v. Lower, 48
Mo. App. 85.  There was not a particle of evidence tending
to prove a nonacceptance of the order by plaintiff, but on the
contrary he immediately upon its receipt advised the defend-
ant of its acceptance and subsequently offered to deliver the
safe. We are therefore at a loss to know upon what ground the

Halliday & Co. v. Lesh.

circuit court based its instruction.    It is true that the plaintiff failed to introduce or offer any competent evidence of substantial damages, but he was certainly entitled to recover nominal damages, as the making of the contract and its subsequent breach by the defendant were not denied.    We therefore conclude that the circuit court committed error in directing a verdict for the defendant.

As the cause will be remanded it is proper for us to indicate our views on other questions which are presented in the record and which must arise on a retrial.

As damages the plaintiff offered to prove (1) the profit he would have realized had the sale been consummated, i. e., the difference between the contract price and the cost of production; (2) the expenses of its salesman during his stay at Mexico, and (3) additional cost for extra printing and decoration.    The court rightly rejected this testimony.    It is clear that the plaintiff misconceived the rule for the admeasurement of damages in such cases.    As the safe was not made to order, and was of the dimensions and quality of safes of that number and description manufactured by plaintiff for the general trade, it must be treated as ordinary merchandise, and the measure of plaintiff's damages for the violation of the contract is the difference (if any) between the contract price of the safe and its market value at the city of Mexico, the place of delivery.    To this difference may be added any reasonable expense incurred by plaintiff in attempting to comply with the contract and any additional cost for extra ornamentation of the article so as to meet the requirements of the contract.    Black River Lumber Company v. Warner, 93 Mo. 374; Northrup v. Cook, 39 Mo. 208; Rickey v. Tenbroek, 63 Mo. 563; Kingsland v. Iron Company, 29 Mo. App. 526; 2 Sutherland on Damages, sec. 647.    If there is no established market for the article at Mexico, its value at the nearest and

most convenient market, less the freight, will be the market value.   Anderson v. Frank, 45 Mo. App. 482.

The circuit court permitted the plaintiff's salesman to testify that at the time the order was given the plaintiff had a safe in St. Louis answering the description  of that mentioned in the order, and that that safe was the one intended to be sold.   This evidence was competent.   It did not vary or contradict the writing, but was admisible for the purpose of identifying the subject-matter of the contract.   Skinker v. Haagsma, 99 Mo. 208; Welsh v. Edmisson, 46 Mo. App. 282; Long v. Long, 44 Mo. App. 141.

For the error pointed out the judgment of the circuit court will be reversed and the cause remanded.   All concur.